[No. 2342]

IN THE MATTER OF THE APPLICATION OF HENRY J.
JONES AND JAMES G. GREGORY TO PROHIBIT
THE DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF ELKO, AND E. J. L. TABER, THE
JUDGE THEREOF, FROM PROCEEDING WITH THE
CAUSE ENTITLED "THE STATE OF NEVADA, PLAIN-
TIFF, *v.* HENRY J. JONES, DEFENDANT (NO. 2561)"
AND "THE STATE OF NEVADA, PLAINTIFF, *v.* JAMES
G. GREGORY, DEFENDANT (NO. 2562)" ON CHARGES
OF MALFEASANCE IN OFFICE.

[173 Pac. 885]

1. COUNTIES—COMMISSIONER—REMOVAL—CHARACTER OF PROCEED-
INGS.

Complaint on behalf of state for benefit of a county, stating
that the complainant is a citizen, resident and taxpayer of the
county, and is foreman of the grand jury and at the request
of the grand jury petitions for removal of county commissioner,
was a proper petition under Rev. Laws, 2851, *et seq.*, providing
for removal, and not under section 6894, *et seq.*, providing for
removal after jury trial, since the allegations as to action on
the grand jury's request were surplusage; the complaint being
sufficient without them.

APPLICATION for writ of prohibition by Henry J. Jones
and another against the District Court of the Fourth
Judicial District in and for the County of Elko and
another. **Application denied.**

*Carey Van Fleet,* for Petitioner:

The only proposition before the court is the construction
of the complaints filed in the district court of the Fourth
judicial district on the 24th day of April, 1918. These
complaints are either accusations by the grand jury for
malfeasance in office or private complaints for removal
from office. They cannot constitute *quo warranto* pro-
ceedings, for the reason that they do not come under
section 5656, *et seq.*, of the Revised Laws. The only pro-
ceedings in which the name of the state may be used are
proceedings in *quo warranto* or criminal proceedings and
accusations by the grand jury. In *quo warranto* proceed-
ings in this state the party is entitled to a jury. (Rev.

Laws, 5681.) Our constitution provides that all process shall be in the name of the State of Nevada, and all prosecutions shall be conducted in the name and by the authority thereof. (*Ex Parte Clark*, 141 Pac. 831.)

Inasmuch as the State of Nevada has been invoked to prosecute the cases at bar, the defendants should be given all the rights which such prosecution entails. Both the people of the state and the defendants are adequately protected by continuing the prosecutions under section 6894, Revised Laws. (*Kerr* v. *Superior Court*, 62 Pac. 479.) It was the duty of the grand jury to investigate wilful misconduct in office. (Rev. Laws, 7028.)

From the testimony it appears that the grand jury by its action, amounting to a vote, determined that the defendants should be charged with malfeasance in office. It was then the duty of the grand jury to file accusations against the defendants, and not to proceed in any other way. (*Pasten* v. *Railroad*, 32 L. R. A. n. s. 785; *Rector* v. *Smith*, 11 L. R. A. 302; 20 Cyc. 1294, 1336; 12 R. C. L., sec. 20, p. 1036.)

It appears that the complaints were adopted by the grand jury. The grand jury could act only through its foreman in filing accusations, as appears to have been done. Counsel in charge of the prosecution, by injecting into the complaint words which might have some meaning of individual action, could not take away from the defendants their rights in any such manner or by any such device. (*Thurston* v. *Clark*, 40 Pac. 435; *Boyd* v. *United States*, 116 U. S. 616.) It was not necessary that the accusations be presented in the presence of the grand jury. (*In Re Burleigh*, 78 Pac. 242.)

The only portion of the complaint which would at all seem to point to a prosecution by a private citizen is the prayer, or rather that part of the prayer which waives the fine of five hundred dollars. The prayer is no part of the complaint. The portions which bring the complaint within the provisions of section 6894, Revised Laws, are the substantial portions of the complaint. The complaint being brought by the State of

Nevada, presented at the request of the grand jury, signed by the foreman, as appears from the face of the complaint itself, charges the defendants with malfeasance in office. There should be little doubt as to the meaning of the complaint, but if there is any doubt it should be resolved in favor of the defendants. (*Fitch* v. *Board of Supervisors*, 54 Pac. 902.)

*Geo. B. Thatcher*, Attorney-General, *Edw. T. Patrick*, Deputy Attorney-General, and *George F. Talbot*, for Respondent:

Any complainant is authorized to institute the proceedings for removal in the name of the state. (Rev. Laws, 2852.) Analagous proceedings for removal from and to determine the right to office have been sustained when brought in the name of the state on the relation of an official or citizen. (*State ex rel. McMillan* v. *Sadler*, 25 Nev. 165.) *Quo warranto* and actions for removal from office are civil proceedings. (*Ames* v. *Kansas*, 111 U. S. 449.)

The proceedings are not in conflict with the fourteenth amendment to the constitution of the United States. If effort were being made to convict these county officers of any crime, it is conceded they would be entitled to a jury trial under the state constitution, but the proceedings for removal are not for the purpose of convicting of crime, and do not involve any question of life, liberty, or right of property. The guaranty of right of trial by jury in the federal constitution secures that right in the federal courts; it does not prevent the restriction of trial by jury in the state courts. (*Walker* v. *Savoinet*, 92 U. S. 90; *In Re King*, 51 Fed. 434; *Kansas* v. *Bradley*, 26 Fed. 289; *Ex Parte McNealy*, 36 W. Va. 84.)

By the Court, SANDERS, J.:

This is an application for a writ of prohibition made on the following state of facts:

Henry J. Jones and James G. Gregory, since the 1st day of January, 1916, are the duly qualified, commissioned,

and acting members of the board of county commissioners of Elko County.   As the result of investigations made by the grand jury of said county selected for the year 1917, John H. Cazier, the foreman thereof, with the knowledge and approval of its members, and upon the advice and direction of the attorneys acting for the county of Elko and the State of Nevada, on the 26th day of October, 1917, filed two separate complaints in the district court of the Fourth judicial district of the State of Nevada, in and for the county of Elko, under sections 2851 to 2854, inclusive, of Revised Laws, which provide for the summary removal from office of any person who shall refuse or neglect to perform any official act in the manner and form as now prescribed by law, or who shall be guilty of any malpractice or malfeasance in office.   One complaint is entitled "The State of Nevada, Plaintiff, against Henry J. Jones, Defendant," and the other "The State of Nevada against James G. Gregory, Defendant."   The complaints make general charges for the removal of the defendants from office for malfeasance in office, and demand that the defendants be cited to appear before the said court on a day certain and that the court proceed to hear, in a summary manner, the complaints and the evidence, and if on the hearing it shall appear that the charges are sustained, that the court enter a decree that the defendants be deprived of their office.   Thereafter the complaints, on motion of the attorneys for the plaintiff, were dismissed without prejudice.   Thereupon, with the leave of court, two separate complaints were filed, one entitled "The State of Nevada, Plaintiff, on the Relation of John H. Cazier, Complainant, against Henry J. Jones, Defendant," and the other against James G. Gregory, defendant.   The complaint against Jones specifies 134 charges of alleged misconduct in office, and that against Gregory specifies 136 alleged charges of misconduct, and demand that the defendants be removed from office in the summary manner as prescribed by section 2851, *et seq.*, Revised Laws.   The caption of each complaint is in part as follows:

"In the District Court of the Fourth Judicial District of the State of Nevada, in and for the County of Elko. The State of Nevada, Plaintiff, on Relation of John H. Cazier, Complainant, *v.* Henry J. Jones, Defendant.

"Complaint.

"On behalf of the State of Nevada and pursuant to her laws, and for the benefit of Elko County, Nevada, hereinafter designated as the county, John H. Cazier, herein designated as complainant, for cause of removal from the office of county commissioner of Elko County, State of Nevada, of Henry J. Jones, incumbent of that office, hereinafter designated as the defendant, on oath complains and alleges: That complainant is a citizen of the United States, over the age of 21 years, is a resident and taxpayer of Elko County, in the State of Nevada, is foreman of the last called grand jury of Elko County, impaneled on the 18th day of September, 1917, in the above-entitled court, which grand jury has not yet been discharged; and this complaint is made at the request of the members of this grand jury; that defendant is, and ever since the first Monday in January, 1915, has been, a duly elected, qualified, and acting county commissioner and as such county commissioner is, and ever since the first Monday in January, 1915, has been, a member of the board of county highway commissioners of Elko County, Nevada; that defendant is, and ever since the first Monday in January, 1917, has been, the chairman of the board of county highway commissioners of Elko County, Nevada; * * * that as such county commissioners and as such member of the board of county highway commissioners, the defendant has been guilty of malpractice and malfeasance in office and has refused and neglected to perform the official duties pertaining to his office, as prescribed by law, at various times, including the instances hereinafter stated. * * *"

Each of the defendants, by their attorney, moved to quash the citations issued on these complaints, upon the grounds that the citations were issued under section 2851,

*et seq.*, and that the plaintiff was attempting to proceed under said sections, whereas the alleged charges therein made are based upon written accusations presented by the grand jury of the county of Elko and filed in said court, and that the court is without jurisdiction to proceed against the defendants under section 2851, *et seq.*, and that the proceedings, if any be had, should be under section 6894, *et seq.*, of Revised Laws, which provide for the removal of civil officers otherwise than by impeachment, and provide for a trial by jury, and that the trial be conducted in the same manner as a trial upon an indictment. (Rev. Laws, 6903.) The motions to quash were denied, and the causes set for trial in said court on the 13th day of May, 1918.

On the 10th day of May, 1918, the defendants made a joint application to this court for an order restraining the district court of the Fourth judicial district of the State of Nevada, in and for the county of Elko, and E. J. L. Taber, the judge thereof, or any judge, from proceeding to try the said complaints, or take any steps in said causes under section 2851, *et seq.*, upon the grounds that the proceedings are in fact written accusations duly made, presented, and filed by a grand jury of Elko County, and that unless restrained said court will proceed in a summary manner to hear the complaints without a jury and contrary to the proceedings prescribed by section 6894, *et seq.* In view of the positive averments contained in the petition, this court, for the purpose of inquiring into the jurisdiction of the said district court thus challenged, issued a show-cause order directed to the respondent, and staying the proceedings in said county until the further order of this court.

After a hearing of the issue joined upon the application for the writ, and the answer and traverse of the respondent, and upon due consideration of the testimony of John H. Cazier, the complainant in each of said actions, we are satisfied that the proceedings instituted against the defendants, and each of them, are commenced under section 2851, *et seq.*, and not under section 6894, *et seq.*, and that

upon the authority of the case of *Gay* v. *District Court*, recently decided in this court (41 Nev. 330), the said district court has jurisdiction and is vested with full power and authority to hear the complaints and the evidence and render a decree. The application for the writ of prohibition must therefore be denied.

The fact that it is made to appear from the complaints and the testimony that John H. Cazier made the complaints at the request of the grand jury of Elko County, and on behalf of the State of Nevada and for the benefit of Elko County, does not have the effect to change the procedure to that of formal accusations presented by the grand jury of Elko County against the defendants. We regard the language as being surplusage. It adds nothing in substance or form. The complaints are the complaints of John H. Cazier, duly verified by his oath, and duly presented to the said district court of Elko County, which is all that is required to set in motion the procedure prescribed by the statute. (Rev. Laws, 2851–2854.) Whether the state may be a complainant under said sections, or that a complainant is authorized to use its name in bringing and carrying on a proceeding under said sections, it is not necessary to determine.

The application for the writ is denied.

It is so ordered.

McCARRAN, C. J., concurring:

I concur in the order.

In the case of *Gay* v. *District Court*, 41 Nev. 330, 171 Pac. 156, I took occasion to express my views on phases of the question here presented.

In this proceeding, petitioner contends that because the grand jury, as an inquisitorial body, investigated the acts and conduct of the board of county commissioners and recommended that proceedings be instituted against petitioners under the provisions of sections 2851–2854, Revised Laws, hence the complaint here in question is an accusation by that body. Regardless of whatever investigation the grand jury may have entertained, regardless

of whatever unofficial recommendations that body may have made, the fact remains that this complaint was filed by J. H. Cazier as an individual. The complaint here was not filed by the grand jury, nor by its foreman as such, and whatever declarations there may be in the complaint as to Cazier being the foreman of the grand jury, the same neither adds to nor detracts from the significance of the instrument.

It is contended that because the complaint is entitled "The State of Nevada, Plaintiff, on Relation of John H. Cazier, Complainant," therefore it is a complaint filed by the state and is a criminal proceeding. In this respect our attention is directed to the provisions of our constitution (sec. 13, art. 6) to the effect that all process shall be in the name of the state and all proceedings shall be conducted in the name and by the authority of the state. In my concurring expression in the case of *Gay* v. *District Court, supra,* I took the position which I here reassert. Proceedings under sections 2851–2854, Revised Laws, are not criminal in nature. These code provisions permit and authorize a special proceeding for the sole purpose of removal from office. A determination by the district court that the charges in the complaint were well founded would entail no effect save removal. Such would not constitute a bar to criminal prosecution. Section 13, article 6, of the constitution is specific as to the authority under which criminal actions may be instituted. Such are to be conducted in the name of the state only, and are to be instituted by the authority of the state only. But does this provision preclude the state from acting on relation of one of its citizens in a special proceeding for a special purpose other than criminal proceeding where a matter of public concern is raised under statutory authority? The commonwealth, and not the individual, is the interested party, and such proceedings are created not as an instrument for individual concern but as a public plan of expediency. As in proceedings for the prosecution of crime the individual must set the machinery of the law in motion,

whether by a prosecuting officer or a private citizen, so here, under the provisions of the statute (Rev. Laws, 2851–2854), it is by individual complaint that the special proceeding is instituted to remove from office.

In the matter at bar we have a complaint in writing, verified by the oath of a complainant, not for the purpose of instituting a prosecution, for removal from office is in no sense a prosecution for crime, but to institute a special inquiry provided for by statute to be conducted by a designated authority. One of two results can follow—not conviction of crime, not deprivation of property—removal from office, or dismissal of the proceedings.

Much of the argument of counsel would be most convincing were we dealing with a law that contemplated criminal proceedings, or a complaint instituting a criminal prosecution. The recent case of *Ex Parte Clark*, 24 Cal. App. 389, 141 Pac. 831, cited by counsel for petitioners, receives my unqualified concurrence. In *Kilburn et al.* v. *Law*, 111 Cal. 237, 43 Pac. 615, cited in *Ex Parte Clark, supra*, the court held that the proceedings to remove the bank examiners were intended by the legislature to be in the nature of a criminal prosecution. There the court laid as the major premise of the decision that the statute providing for the removal from office of the bank examiners was a proceeding for the punishment of an offense in its nature criminal. This conclusive assertion, which I deem wholly inapplicable to our procedure for removal from office (Rev. Laws, 2851–2854), furnishes the turning-point for the whole question as it is dealt with by the California courts. If by our removal statute here in question criminal proceedings were instituted, or if a judgment of conviction of crime were entailed, then the conclusions of the California courts in the many cases referred to would be most applicable.

Petitioners' counsel dwells on the action of the grand jury as such was disclosed by the testimony taken here. In this respect he contends that it was the duty of that

body, after its investigation, to file accusations against these defendants. Indeed, it is declared by most eminent authority that the purpose for which a grand jury is granted such latitude in inquisitorial matters is in order that it may find indictments against all public offenders, and when instead of returning an indictment after inquiry it merely expresses its views on the existence of crime, declaratively connecting persons therewith, it exceeds its authority. (12 R. C. L. 1035.)    The grand jury of Elko County is not before this court; I unhesitatingly subscribe to the doctrine as enunciated in Ruling Case Law; but whether or not the grand jury has exceeded its authority in acting as it did in this case is beyond the scope of our inquiry. If the grand jury of Elko County had filed this complaint, or if J. H. Cazier had filed the complaint as foreman of the grand jury rather than as an individual, then the instrument would constitute an accusation, and proceedings under sections 2851–2854, Revised Laws, could not follow.    Counsel contends that the grand jury could only act through its foreman.    That fact may be conceded.    But in this instance it does not appear that the grand jury even attempted to act.    It was Cazier, as an individual, who acted in the way of filing these complaints.

The statute which gives rise to this proceeding is one for the removal of certain officers.    It is a part of our law, made so by legislative will.    The whole procedure is denominated as being summary; hence it precludes the right to jury trial.    Into the hands of the district judge this statute lays one of the most sacred duties, that of removing an individual from the enjoyment of public position of trust and honor.    The law, in my judgment, contains nothing which recommends itself to the spirit of democracy.    It partakes of none of the progressive inspiration which gave rise to the historic scene at Runnymede. It is an extreme and extraordinary measure, intended only for extreme and extraordinary occasions. It is fraught with seriousness and a demand for extreme caution both from the standpoint of him who prefers the

charge and him who listens and pronounces judgment.
On both it places that high degree of responsibility which
is always attendant when the reputation and good name
of men are in the balance. It clothes the district judge
with a responsibility sacred and potential, and exacts
from that officer the highest degree of unbiased judg-
ment, in the formation of which it appears to me proof
of the accusations should attain the dignity of exceeding
a reasonable doubt.