L. O. HAWKINS, Petitioner, v. EIGHTH JUDI-
CIAL DISTRICT COURT OF THE STATE OF
NEVADA, in and for the County of Clark,
Department 1, HONORABLE TAYLOR H.
WINES, Presiding, Respondent.

No. 3608

April 6, 1950. 216 P.2d 601.

*L. O. Hawkins,* of Las Vegas, in pro per.

*George E. Marshall,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an original petition for a writ of mandate to compel the respondent district court to admit the petitioner to participate as an attorney of record for the defendant in that certain action pending in said district court, being case No. 47060, entitled "State of Nevada on Relation of Murray Wollman, Complainant, vs. Robert E. Jones, as District Attorney of Clark County, Nevada, Defendant," the object of which action was to remove the defendant from office for alleged malfeasance and nonfeasance. The actual finding and order made by the district court disqualifying petitioner from acting in that case are as follows:

"The Court Finds:

"That a legal dispute as to the right of the said L. O. Hawkins to represent said defendant existed; that the said L. O. Hawkins acted without any unethical or corrupt motive and that the said L. O. Hawkins never at any time represented the Complainant, Murray Wollman, in any private matter of any kind or character, and

"It Is Further Ordered, Adjudged and Decreed that the said L. O. Hawkins, be, and he is disqualified from acting as counsel for defendant for the reason and upon the ground that the matters stated in the complaint of Complainant are so closely identified and connected with the matters heard before the Grand Jury of Clark County, Nevada, wherein the said L. O. Hawkins appeared as legal advisor and counselor to said Grand

Jury on, to-wit, the 7th day of October, 1949, to the 12th day of November, 1949, and as such attorney for said Grand Jury thereby became acquainted with the testimony of witnesses in relation to the matters and things set forth in complainant's complaint, therefore, the Court exercising its discretion ordered, and

"It Is Hereby Ordered, Adjudged and Decreed that the name of said L. O. Hawkins be, and the same is hereby stricken as counsel for defendant."

Petitioner had been employed by the Clark County grand jury, and his compensation paid by Clark County by order of its county commissioners, in the investigation of matters some of which eventually led to the filing of the complaint in the proceeding above mentioned seeking the removal from office of District Attorney Robert E. Jones. Such complaint was filed a short time after the grand jury had notified petitioner that it was dispensing with his services. Petitioner then undertook to appear with other counsel on behalf of the defendant district attorney in defense of said proceeding, but on motion of the complainant and after a full hearing on such motion the court made the order above quoted striking petitioner's name as such counsel. Petitioner frankly concedes that if such proceeding No. 47060 were an indictment or a proceeding commenced by the grand jury itself seeking the removal of District Attorney Jones, it would be improper for petitioner to defend Mr. Jones therein. At least, that was the position taken by the present petitioner in the district court. Such is still his position as expressed in his brief to this court, although enunciated in more guarded and qualified language. Petitioner insists however that as action No. 47060 was commenced by Wollman as an individual and a person between whom and the petitioner no relation of attorney and client ever existed, he is not disqualified from representing the defendant.

The complaint in action No. 47060 set out some nine separate and several counts of alleged nonfeasance or malfeasance of the defendant district attorney. At least

some of these counts involved matters in which petitioner acted as attorney for the grand jury, giving them counsel and advice, examining witnesses and drawing at least one indictment. The extent of his services over approximately a thirty day period is reflected in his bill, approved by the foreman of the grand jury and paid by the order of the county commissioners, as follows:

"Clark County, Nevada, Commissioner's Bill Number 97. Debit to L. O. Hawkins, Attorney at Law, with offices at Room 25 Stearns Building, Las Vegas, Nevada, P. O. Box 729. Department Judicial. 10-7-49 to 11-3-49, both inclusive, for legal services rendered to the present Clark County Grand Jury in sessions of the Grand Jury, in conferences with the Foreman of the Grand Jury and other members thereof and in study of matters referred to me by the Foreman of the Grand Jury, upon an express contract with the Board of County Commissioners of Clark County, Nevada, entered into at the request of said Grand Jury as follows:

"Seven days spent in attendance of the Grand Jury while it was in session at $150.00 per day............$1050.00

"Fourteen hours spent in conference at various times with the Foreman of the said Grand Jury and other members thereof....sometimes after office hours, sometimes on Sunday and at other times during regular office hours............$300.00

"Twenty-four hours spent in study and investigation of matters submitted to me by the Foreman of said Grand Jury for study and investigation at $10.00 per hour; also some of which investigations and study which were after office hours and Sunday............$240.00 Amount allowed by Board............$1590.00

"I hereby certify that the above and foregoing claim against Clark County, State of Nevada, is just and reasonable, and that said claim is now due, owing and unpaid. L. O. Hawkins, Claimant.

"I certify that the foregoing claim is correct and just; that the articles specified have been received by the proper officials of the County, or the services stated

252

have been performed; that they were necessary for and have been or will be applied to county purposes, and that to the best of my knowledge and belief the prices charged are reasonable and just. Murray Wollman, Foreman of Clark County Grand Jury."

Petitioner's services to the grand jury are shown in greater detail in the record. Mr. Wollman, foreman of the grand jury, testified that petitioner served the grand jury of Clark County in the capacity of legal advisor and special counsel and examined witnesses upon whose testimony reliance would be placed in the case for the removal of the district attorney. Petitioner advised the grand jury as to the duties of the district attorney. He was furnished with records of the transcribed testimony of witnesses who testified before the grand jury, which records were returned by petitioner to the grand jury at the latter's request about a week after petitioner's further services to the grand jury were dispensed with. This testimony was in turn discussed by petitioner and the grand jury foreman. These were the same witnesses intended to be subpoenaed to testify in support of the proceedings against the district attorney.

Petitioner concedes all this with complete frankness, but insists that as the proceeding is not one by the grand jury, by whom he was employed, but a proceeding by Wollman as an individual, to whom he owed no loyalty, he is not precluded from defending Jones. That petitioner's position is taken in all sincerity needs no more proof than his long and honorable career as an attorney and district judge in this state (in fact the learned district judge so found), but we are satisfied that it is erroneous.

Section 4 of article VII of the constitution provides: "Provision shall be made by law for the removal from office of any civil officer other than those in this article previously specified, for malfeasance or nonfeasance in the performance of his duties." (The district attorney does not come within the exception.) The legislature provided two distinct methods for removal of officers.

One method was provided by chapter 6 of an act to regulate proceedings in criminal cases, etc., which chapter is entitled "Of the Removal of Civil Officers Otherwise Than by Impeachment," and which embraces secs. 10691 to 10704, Nevada Compiled Laws 1929. These sections provide for the presentation by the grand jury of an accusation in writing against any district, county, township or municipal officer, for the service thereof upon the defendant, for the defendant's pleadings, for trial by jury, for process to enforce the attendance of witnesses, for judgment of removal from office upon a conviction, for an appeal to the supreme court, and for the appointment by the district judge of a prosecuting officer if the proceedings are for the removal of a district attorney.

The second method provided by the legislature was by an act providing for the removal from office of public officers for malfeasance or nonfeasance, regulating the mode of procedure, etc., and comprises secs. 4860 to 4863, inclusive, N.C.L.1929. These sections authorize the filing of a verified complaint "of any complainant" alleging nonfeasance or malfeasance or malpractice, and make it the duty of the court to cite the party charged to appear on a day certain, and to hear the matter in a summary manner and, if the charges are sustained, to enter a decree that the party complained of be deprived of his office. The clerk of the court is required to transmit a copy of the decree to the governor or the board of county commissioners (as the case may be) to the end that some person be appointed to fill the office until a successor be selected or appointed and qualified. The officer so removed is not permitted to hold office pending an appeal.

"Just why the legislature thought it necessary to create two methods of removal of county officials," remarks COLEMAN, J., in Gay v. District Court, 41 Nev. 330, 171 P. 156, 159, 3 A.L.R. 224, "is not clear, but since one method is more drastic than the other, it may be that the Legislature anticipated that there might be occasions when a drastic measure would be needed; but

whatever the reason, or lack of reason, the statute, which was enacted pursuant to plenary authority by clear and unmistakable language, creates the two methods, and beyond that we cannot inquire."

Petitioner correctly cites Ex parte Jones and Gregory, 41 Nev. 523, 173 P. 885, as holding that this proceeding is one under the second statute above described, the act providing for the removal of public officers for malfeasance or nonfeasance upon the verified complaint of any complainant. The district court so held during the course of the proceedings (Honorable Harry M. Watson, district judge, presiding at that time[1]) and we agree with both the district court and petitioner in this regard. Despite this fact we are unable to accept so narrow and technical a view as to hold that this in itself justifies petitioner's employment, in defense of the district attorney, of his information and experience gained while representing the grand jury, simply because Wollman personally is the plaintiff or complainant in action No. 47060.

Petitioner states that Boyd v. Second Judicial District Court, 51 Nev. 264, 274 P. 7, is the leading Nevada case and relies upon that case as sustaining his contention that "only a party who sustains the relation of a client to an attorney who undertakes to represent conflicting interests may object to such representation for that reason alone," and distinguishes the Boyd case upon the ground that this court there held that such situation actually existed. Boyd had been employed as an attorney by Gilbert Last Hope Mines Company in defense of an action brought against it by B. F. Curler

---

[1]We heretofore denied, without opinion, an application for a writ of prohibition restraining Honorable Taylor H. Wines from hearing the matter, which petition was made upon the ground that as Honorable A. S. Henderson, presiding judge of Department No. 1 of said district, had assigned the case to Judge Watson and Judge Watson had re-assigned it to Judge Henderson, there could not be another assignment to Judge Wines under the statute. Our ruling was based upon the conclusion that under the particular circumstances of the case there had been, in reality, only one assignment.

and participated in such defense. Curler prevailed in the action and the mining company thereafter brought an action against W. C. Lamb, a stockholder, director, vice president and general manager, to recover a judgment for damages because of Lamb's alleged false representations to the board of directors which had induced it to cancel certificates for 35,000 shares of its capital stock theretofore issued to Curler. Boyd had ceased to be the attorney for the company or to advise the company in any manner whatsoever, and undertook to accept employment to assist Lamb in the defense of the company's action for damages against him. The company objected to such representation and the trial court, on motion, enjoined Boyd from appearing as attorney for Lamb in such second suit. As in the present case, Boyd sought a writ of mandate to compel the respondent court to admit him to appear as attorney for Lamb.[2] This court denied the writ and enunciated principles which serve as a clear guide to our action in this case. The first of these is the doctrine, supported by ample authority, that a court has inherent power in a proper case to enjoin an attorney from appearing for a party, the exercise of which is designed to prevent injustice, and the authority for the exercise whereof is independent of any positive provision of law. Mr. Chief Justice DUCKER, speaking for the court, quotes with approval I Thornton on Attorneys at Law, sec. 174, as follows [51 Nev. 269, 274 P. 8]: "It is a well-settled general rule that an attorney cannot represent conflicting interests, or undertake the discharge of inconsistent duties. When he has once been retained and received the confidence of a

---

[2]Section 9242, N.C.L. 1929, provides, among other things, that the writ of mandate may be issued by the supreme court to compel the admission of a party to the use and enjoyment of a right of office to which he is entitled, and from which he is unlawfully precluded by an inferior tribunal, corporation. board or person. State ex rel. Huffaker v. Crosby et al., 24 Nev. 115, 50 P. 127, 77 Am.St.Rep. 786, is authority for the propriety, in a proper case, for the issuance of a writ to compel the admission of a qualified attorney to appear in defense of his client.

client, he cannot accept a retainer from, or enter the services of, those whose interests are adverse to his client in the same controversy, or in matters so closely allied thereto as to be, in effect, a part thereof."

As in the present case, the court noted its conviction that the petitioner was entirely sincere in his belief and claim of his right to represent the defendant in the company's suit against Lamb, but held that "the present suit rises out of the Curler case." Corresponding with the finding of Judge Wines in the present case "that the matters stated in the complaint of complainant [Wollman] are so closely identified and connected with the matters heard before the grand jury of Clark County, Nevada, wherein the said L. O. Hawkins appeared as legal advisor and counselor to said grand jury * * * and thereby became acquainted with the testimony of witnesses in relation to the matters and things set forth in complainant's complaint," Mr. Chief Justice DUCKER said: "Such a close connection is shown between the cases that we are not prepared to say that a situation may not arise in which petitioner would be disqualified to represent Lamb against the company. He acted as attorney for the company in the Curler case, and during his employment had received much information concerning its affairs from Lamb and other officers of the company."

Petitioner devotes a considerable portion of his brief to a discussion of the matter of privileged communications, and insists that his employment was by the grand jury and that he received no privileged communications from Wollman personally. On this point too (although we do not overlook the distinction arising from the fact that the mining company represented by Boyd in defense of the Curler suit was the same entity against whom Boyd was defending the suit against Lamb) the Boyd opinion is helpful:

"Certainly the information was of a confidential nature, and petitioner could neither disclose nor use his knowledge of it in opposition to the interests of the com-

pany without its consent. There is no merit in the contention that the information gained by petitioner does not come within the class of privileged communications because acquired from Lamb or the officers of the company in his presence. The company only could release petitioner from his obligation of secrecy.

"It was unnecessary for the court to ascertain in detail the extent to which the company's affairs might have a bearing upon the matters involved in the present case, or of petitioner's knowledge in that regard. Brown v. Miller, supra [52 App.D.C. 330, 286 F. 994]. The courts must necessarily be left to exercise a sound discretion in cases of this character, and we find no abuse of discretion in this case."

 Our lack of conviction as to the distinction insisted upon by petitioner (his representation of the grand jury as such in the first instance and his defense of the district attorney against Wollman's complaint in the second instance) is further supported by the concurring opinion of Mr. Chief Justice McCARRAN in Ex parte Jones and Gregory, 41 Nev. 523, 173 P. 885, 887. In that case the petitioners sought to prohibit the district court from proceeding summarily to hear the complaint for removal on the ground that the proceeding was a criminal one under chapter 6 (providing for removing of civil officers, otherwise by impeachment) of the act regulating proceedings in criminal cases. They called attention to the fact that the complaint was entitled "The State of Nevada, Plaintiff, on Relation of John H. Cazier, Complainant." Justice McCARRAN, after pointing out that sec. 13 of article VI of the Constitution requires that all process shall be in the name of the state, and that all prosecutions shall be conducted in the name and by the authority of the same, definitely holds that the state is the interested party in proceedings under the civil act providing for the removal of public officers for malfeasance or nonfeasance. Such proceedings, the learned justice says, involve matters of public concern. "The commonwealth, and not the individual,

is the interested party, and such proceedings are created not as an instrument for individual concern but as a public plan of expediency. As in proceedings for the prosecution of crime the individual must set the machinery of the law in motion, whether by a prosecuting officer or a private citizen, so here, under the provisions of the statute (sections 2851–2854, Rev.Laws), [now N.C.L. 1929, §§ 4860–4863] it is by individual complaint that the special proceeding is instituted to remove from office."

We have considered the other matters and other authorities cited in petitioner's briefs. They all have to do with different angles or different phases or different applications of the main contention made by petitioner—that in the first instance his client was the Clark County grand jury, and that in the second instance he sought to defend the district attorney in a proceeding brought by Wollman individually. In view of what we have already said, further discussion of such additional points and authorities becomes unnecessary.

As we are unable to say that the evidence was not sufficient to warrant the order of the district court excluding petitioner from the defense of the defendant in action No. 47060, the peremptory writ is denied, the alternative writ vacated and the proceedings dismissed, with costs.

HORSEY, C. J., and EATHER, J., concur.