In the Matter of the Probate of the Will of Monroe L. Dix, Deceased. Elynor M. Dix et al., Appellants. David C. Anchin, Respondent. In the Matter of the Probate of the Will of Monroe L. Dix, Deceased. Rose Selby et al., Appellants; Chemical Corn Exchange Bank, as Temporary Administrator of Monroe L. Dix, Deceased, Respondent.— Appeals (1) from an order of the Surrogate's Court of Rensselaer County entered July 27, 1959 which appointed a temporary administrator; and (2) from an order of said court entered November 16, 1959 which denied an application to vacate such prior order and to remove the temporary administrator, and dismissed the petition. Order entered July 27, 1959 affirmed on the opinion of Surrogate Isenbergh (21 Misc 2d 864) with costs to respondent temporary administrator and printing disbursements to all parties, payable from the estate. Order entered November 16, 1959, affirmed, with costs to respondent temporary administrator and printing disbursements to all parties, payable from the estate. Neither the temporary administrator's selection of attorneys nor its failure, through control of decedent's stock, to effect the removal of an officer of certain corporations can legitimately constitute misconduct warranting revocation of the letters of temporary administration. The contention that fraud occurred or is inferable rests largely on reiteration of the facts and arguments urged on the application which resulted in the order entered July 27, 1959, above affirmed. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur. [21 Misc 2d 864, 870.]

In the Matter of the Probate of the Will of Monroe L. Dix, Deceased. Elynor M. Dix et al., Appellants-Respondents; David C. Anchin et al., Respondents-Appellants.— Cross appeals from an order of the Rensselaer County Surrogate denying motions by the respective parties for the removal of attorneys. Monroe L. Dix died on August 30, 1958 and thereafter his last will and testament was offered for probate in the Surrogate's Court of Rensselaer County. The petition was signed by the named executors, the widow Elynor M. Dix and David C. Anchin, the papers having been prepared by their attorneys, Kadel, Wilson and Potts. Thereafter the decedent's sister, a named legatee, by her attorney, filed objections to the probate of the will and then the widow, through her attorney, withdrew as a copetitioner for the probate of the will and filed objections which she thereafter withdrew, so that at the time of this motion she was neither a proponent nor contestant but a legatee and devisee under the said will. While this maneuvering was in progress, the original attorneys mentioned above for both parties applied to the court on behalf of the then petitioner David C. Anchin for the appointment of a temporary administrator of the estate. Inasmuch as there are other motions pending before this court concerning that aspect of the case, suffice it to say that the Chemical Bank New York Trust Company was appointed, over the objections of Mrs. Dix, as temporary administrator and retained the original attorneys, Kadel, Wilson and Potts to represent it. The widow here seeks to have these attorneys removed, which the Surrogate denied, because of an alleged confidential relationship which they had with Mrs. Dix and on the further grounds that they represented adverse interests, that is, the coexecutor and the temporary administrator. It should first be mentioned that these attorneys had represented the decedent and his various closed corporations for many years prior to his decease. For further enlightenment and clarification it should be made evident that these attorneys are now representing the temporary administrator so far as these proceedings here are concerned. That the attorneys also represent the coexecutor named in the will does not connote any conflicting interest. The fact that after the retention of the attorneys Mrs. Dix decided to change her

status in these proceedings does not, *ipso facto,* make the attorneys adverse to her voluntary shifting of positions. Mrs. Dix and Mr. Anchin consulted the attorneys for their mutual benefit as prospective coexecutors and it is difficult to visualize what could possibly have transpired between the parties to create a confidential relationship, one to the other, sufficient in character to call upon the attorneys now to withdraw because of such relationship. We are unable to say that there is any conflict of interest or any confidential relationships which prevent the said attorneys, appointed by the temporary administrator, from continuing to act in that capacity. As to the cross motion to remove the attorney presently representing Mrs. Dix, it is without merit. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.  [21 Misc 2d 864.]