MARVIN PHILLIP KABASE AND JOHN DE PASQUALE, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 11607

May 22, 1980                                          611 P.2d 194

*Gang & Berkley,* Las Vegas, for Petitioners.

*Wiener, Goldwater & Waldman,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Petitioners, Marvin Kabase and John De Pasquale, seek review of an order enjoining attorney Oscar Goodman from representing them, and directing petitioners to obtain other counsel. Petitioners claim that the district judge abused his discretion and deprived them of their right to be represented by counsel of their choice. We reverse and remand for a hearing to determine if petitioners knowingly and intelligently waived their right to conflict-free, effective assistance of counsel.

On January 13, 1978, petitioners were indicted by the Clark County Grand Jury for numerous offenses allegedly committed during petitioners' employment by the Fremont Hotel and Casino, Inc., dba Fremont Hotel and Casino, Race and Sports Book Pool. Petitioners retained Goodman to represent them in the pending criminal prosecution.

Before agreeing to represent them, Goodman informed petitioners that he was receiving a retainer fee from the Argent Corporation, which is the parent corporation of the Fremont Hotel. Goodman told petitioners that they would be required to waive all rights to raise the conflict of interest problem on appeal, if they wanted him as counsel. Petitioners presented sworn affidavits stating that they waived any right to claim error or prejudice from the potential conflict of interest. The district judge refused to accept the waivers, and enjoined Goodman from representing petitioners, because of the conflict of interest and the appearance of impropriety.

We have held that, in civil cases, the district judge has the inherent power to enjoin an attorney from representing conflicting interests in order to prevent injustice and to preserve the integrity of the judicial process. Wait v. District Court, 81 Nev. 612, 407 P.2d 912 (1965); Boyd v. Second Judicial District Court, 51 Nev. 264, 274 P. 7 (1929). However, in criminal

cases, the public interest in the efficient and effective administration of justice must be weighed against a defendant's fundamental right to retain counsel of his own choosing. People v. Spurlark, 384 N.E.2d 767 (Ill.App. 1978). Where, as here, the district judge finds that retained counsel faces a conflict of interest, the defendant may continue to be represented by that attorney if he makes a voluntary, knowing, and understanding waiver of conflict-free representation. *See* United States v. Armedo-Sarmiento, 524 F.2d 591 (2d Cir. 1975); United States v. Garcia, 517 F.2d 272 (5th Cir. 1975); People v. Johnson, 387 N.E. 2d 688 (Ill. 1979); *cf.* Faretta v. California, 422 U.S. 806 (1975); Bishop v. State, 95 Nev. 511, 597 P.2d 273 (1979) (defendant must be permitted to waive assistance of counsel). *But see* In re Investigation before Feb. 1977 Lynchburg Grand Jury, 563 F.2d 652 (4th Cir. 1977).

When a criminal defendant offers to waive objections to the conflict, the district judge "should fully explain . . . the nature of the conflict, the disabilities which it may place on [counsel] in [his] conduct of [the] defense, and the nature of the potential claims which appellants will be waiving". *Armedo-Sarmiento,* 524 F.2d at 593; *Garcia,* 517 F.2d at 278; Zuck v. Alabama, 588 F.2d 436, 440 (5th Cir.), *cert. denied* 100 S.Ct. 63 (1979). In this case, the district judge did not give petitioners an opportunity to intelligently and validly waive any conflict caused by Goodman's representation of Argent, the alleged victim. Therefore, the order enjoining Goodman from representing petitioners is reversed and the case is remanded for further proceedings in accordance with this opinion.[1]

[1] At this time, it would be premature for this court to consider whether Goodman's dual role might be in violation of the standards of legal ethics enunciated in Supreme Court Rules 167, 169, and 179, and in Canons 4 and 9 of the American Bar Association Code of Professional Responsibility.

We note, however, that Argent remains entitled to full protection in preserving confidential communications with Goodman, and its representatives may refrain from answering any questions from Goodman that are based on privileged communications. *See Armedo-Sarmiento,* 524 F.2d at 593.