WILLIAM DONALD HARVEY AND JOE ANGEL HER-
NANDEZ, APPELLANTS, *v.* THE STATE OF NEVADA,
RESPONDENT.

No. 11863

December 3, 1980                    619 P.2d 1214

*Loren Graham,* Zephyr Cove, for Appellants.

*Richard H. Bryan,* Attorney General, Carson City, and
*Michael S. Rowe,* District Attorney, Douglas County, for
Respondent.

# OPINION

By the Court, BATJER, J.:

A jury found appellants Harvey and Henandez guilty of robbery. In this appeal it is contended that joint representation by appointed counsel resulted in a conflict of interest and a denial of effective assistance of counsel. We reverse.

On the night of December 4, 1978, appellants entered the East Fork Bar in Gardnerville, Nevada, where Mrs. Marie Corda was working as bartender. Appellants had apparently been drinking alcoholic beverages earlier in the evening, and continued to drink at the bar. While playing the juke box and listening to music, Harvey asked Mrs. Corda if she wanted to dance, but she declined. Later, Harvey sat on the bar, swung his legs around to the inside of the bar, and jumped to the floor. He stared at Mrs. Corda and walked toward her but he did not say anything or make any threatening gestures. Mrs. Corda testified that she was scared of the look on Harvey's face, and she backed out of the bar area through a door. During this time Hernandez remained seated at the bar.

A few moments later Mrs. Corda opened the door to look back inside the bar room. She saw Harvey walking toward the door, and Hernandez standing near the open cash register. Mrs. Corda went to a nearby business and summoned the police. Appellants were apprehended, and when money and liquor were found to have been taken from the bar they were charged with robbery.

The state public defender was appointed to represent both appellants. At the arraignment the district court asked counsel if a conflict existed. Counsel replied that there was no conflict.[1] The district court made no explanation to appellants on the subject of a possible conflict of interest, nor did he elicit any facts which might have revealed a conflict caused by the dual representation. At the subsequent jury trial counsel's sole theory was that appellants were guilty of larceny, not robbery.[2] Appellants were both convicted of robbery.

---

[1] The district court's entire inquiry was as follows:

> THE COURT: Is there any conflict in this case, Mr. Mathews?
>
> MR. MATHEWS: Yes, your Honor. Our office is satisfied that both of these Defendants qualify for our services.
>
> THE COURT: Is there any conflict as far as representation is concerned?
>
> MR. MATHEWS: No, your Honor.

[2] In his opening statement to the jury, defense counsel stated:

> At the end of this case I'm sure that you will be convinced that my

Appellants contend that whenever two or more defendants are represented by one attorney, the trial judge has a duty to ascertain whether each defendant is aware of the risks of dual representation and the possibility of a conflict. Appellants also contend that an actual conflict of interest existed in the present case.

Every defendant has a constitutional right to the assistance of counsel unhindered by a conflict of interest. Holloway v. Arkansas, 435 U.S. 475 (1978). Representation of multiple defendants by a single attorney is fraught with the risks of conflict, and should be approached with caution by the parties, counsel and the trial court. United States v. Lawriw, 568 F.2d 98 (8th Cir. 1977). The reasons for such caution are obvious. As the Supreme Court of Minnesota recently stated in State v. Olsen, 258 N.W.2d 898 (Minn. 1977):

> The inherent difficulty which *faces any attorney who undertakes the joint representation of co-defendants is that he or she must simultaneously balance the interests of each defendant against each other. Not only must the attorney of co-defendants defend against the prosecution, but he or she must also defend against conflicts between the defendants themselves. *Id.* at 904.

Joint representation of co-defendants may create a conflict for defense counsel because of the possibility of inconsistent pleas; factually inconsistent alibis; conflicts in testimony; differences in degree of involvement in the crime; tactical admission of evidence; the calling, cross-examination, and impeachment of witnesses; strategy in final argument; and the possibility of guilt by association. *Id.* at 905.

The problem of joint representation of co-defendants was recently considered by the Supreme Court of the United States. In Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708 (1980), two defendants were represented by the same attorneys. The defendants were tried separately. The Supreme Court held that the Sixth Amendment does not require state courts to initiate inquiries into the propriety of multiple representation in every case.[3] However, the court indicated that an inquiry *is* required

clients, Bill Harvey and Joe Hernandez, committed the crime of larceny from the East Fork Bar, [but not the crime of robbery].

In closing argument defense counsel stated that "the proper decision in this case is larceny and not robbery."

[3]The Court noted that while an inquiry is not constitutionally required in every case, such a practice is desirable. The Court also noted that several courts, as well as the proposed Federal Rules of Criminal Procedure, require an inquiry. Cuyler v. Sullivan, 100 S.Ct. 1708 at 1717, n. 10.

when the trial court "knows or reasonably should know that a particular conflict exists." *Id.* at 347. 100 S.Ct. at 1717. The court also held that a defendant who raised no objection at trial may demonstrate a Sixth Amendment violation if an actual conflict of interest adversely effected his lawyer's performance.[4]

A review of the record in the present case reveals actual conflicts of which counsel and the trial court should have been aware. Counsel's strategy involved admitting that both appellants committed larceny. Counsel effectively foreclosed the possibility that appellant Harvey would be acquitted of any crime.[5] Furthermore, counsel called Harvey to testify, but did not call Hernandez. During Harvey's examination by defense counsel, Harvey gave direct testimony against his co-defendant Hernandez.[6] Finally, a statement of counsel at sentencing further revealed the existence of a conflict of interest.[7]

Defense counsel's representation of both appellants in this case deprived them of their constitutional right to conflict-free assistance of counsel. While a defendant may waive the right to conflict-free representation, Kabase v. District Court, 96 Nev. 471, 611 P.2d 194 (1980), there were no such waivers in this case.

Although the Sixth Amendment to the Constitution of the

---

[4]In *Cuyler* the Court held under the facts of that case the trial court had no duty to inquire, and no actual conflict of interest existed.

[5]In closing argument defense counsel stated:

[Harvey is] aware of the fact that Joe Hernandez is committing larceny, stealing the money, and he doesn't do anything to stop him and, therefore, he [Harvey] probably is responsible for that, for not stopping his friend from taking the money. . . . [B]oth of these men are responsible for stealing the money and stealing the liquor from the store, from the place. . . . Bill Harvey is responsible along with Joe [Hernandez] under the law as a principal.

[6]Harvey testified that when he turned around from the door through which Mrs. Corda had departed, Harvey saw Hernandez hitting the cash register, pushing its buttons, and taking money from the cash box.

[7]At the sentencing hearing counsel stated:

I don't feel since I represented both individuals that I should say anything other than what I have already said with regard to Mr. Hernandez and ask that the Court consider it in applying it to Mr. Harvey with regard to the facts of this case.

United States may not require inquiries as to conflicts of interest in all cases of joint representation, such inquiries would safeguard the rights of defendants under the Nevada Constitution.[x] Inquiries would also promote the effective administration of justice by resolving most conflict situations at the earliest possible stage of the proceedings. Therefore, in all future trials involving joint representation the trial court should address each defendant personally, explain the dangers of joint representation, and inquire as to facts which might reveal conflicts. If actual or potential conflicts exist, each defendant must voluntarily, knowingly and understandingly decide on the joint representation. *See* Kabase v. District Court, *supra;* State v. Olsen, *supra.*

This case is reversed and remanded for a new trial or trials, and for the appointment of separate counsel.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.