CLARENCE A. HARVEY AND BERNICE DEE BECKUM, APPELLANTS, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 11473

October 22, 1981                    634 P.2d 1199

[3]The Governor designated the Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

*Norman Y. Herring,* State Public Defender, *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellants.

*Richard H. Bryan,* Attorney General, Carson City; *Andrew D. Demetras,* District Attorney, Esmeralda County, for Respondent.

## OPINION

*Per Curiam:*

On October 24, 1978, appellants were convicted by a jury of robbery and the use of a deadly weapon in the commission of a crime, NRS 200.380, 193.165. Both appellants were represented by one appointed counsel throughout the proceedings. No inquiry was made by the court as to the possibility of conflict of interest in the multiple representation by one counsel. Appellants contend that such multiple representation denied them effective assistance of counsel. We agree.

Representation of multiple defendants by a single attorney is fraught with the risks of conflict, and should be approached with caution by the parties, counsel and the trial court. Harvey v. State, 96 Nev. 850, 619 P.2d 1214 (1980). An inquiry by the trial court as to possible conflict of interests would have been mandated if this case had been tried subsequent to *Harvey.*

Whether *Harvey* should be applied retroactively is an issue

we need not decide since we determine that the facts and circumstances present in this case were such that the trial court knew or reasonably should have known that a conflict existed. Cuyler v. Sullivan, 446 U.S. 335 (1980). The facts presented at the preliminary hearing and at the arraignment before the district court indicated that a difference in the degree of involvement existed as to the two defendants.

Other factors were considered in our determination. Only appellant Beckum was placed on the witness stand. Although she did not directly implicate her codefendant, she did testify to gambling by appellant Harvey prior to the time of the robbery and she identified the gun introduced by the state despite the defense motion to suppress the gun. Additionally, the combination of the differing amount of involvement of the defendants in the crime charged and the difference in the criminal records of the two, as revealed by the presentence reports, contribute to the possibilities of conflict of interest and the possibility that defense counsel was precluded from entering into plea negotiations or from arguing at sentencing the relative culpability of appellants. *See* Holloway v. Arkansas, 435 U.S. 475, 490 (1978).

The failure of the trial court to inquire of counsel or appellants in the face of multiple representation by a single attorney resulted here in a denial of effective assistance of counsel and a new trial is required free from the effect of joint representation.

Inasmuch as the case is remanded for a new trial, the other errors alleged by appellants need not be reached at this time.

Reversed and remanded for new trial.