ROBERT MANNON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13110

May 27, 1982                                                           645 P.2d 433

*J. Gregory Damm,* Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Peter L. Knight,* District Attorney, Nye County, for Respondent.

---

[1] We express no opinion regarding the propriety of respondent's conduct.

## OPINION

*Per Curiam:*

Appellant was charged with furnishing marijuana to both his son and the son of his girlfriend Lois Aguirre. NRS 453.321(2). At trial, Mannon was represented by an attorney who had been appointed to represent Aguirre in another court on an unrelated charge.[1] On the night of the first trial day, Aguirre called this attorney and admitted that she had been the one who had furnished the marijuana to the boys. During the conversation, Aguirre asked the attorney "not to tell" because she was afraid Mannon would be angry with her for her disclosure. The attorney remained silent and, at the conclusion of the trial the next day, the jury found Mannon guilty.

Before sentencing, counsel made a motion for a new trial based on newly discovered evidence. NRS 176.515. Aguirre testified to the above facts at the hearing on the motion after waiving relevant privileges.[2] The motion was subsequently, and correctly, denied. Aguirre's testimony did not constitute newly discovered evidence within the meaning of the statute since

---

[1]Mannon is represented by a different attorney in this appeal.

[2]At the conclusion of her testimony Aguirre was taken into custody.

counsel had timely knowledge of its existence. Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968); *see* McLemore v. State, 94 Nev. 237, 577 P.2d 871 (1978).

Mannon now argues that his trial attorney's conflicting duties operated to deny him his sixth amendment right to effective assistance of counsel. We agree.

Upon learning of Aguirre's involvement, counsel was presented with a conflict between her obligation to protect the confidentiality of Aguirre's statement and her obligation to defend Mannon vigorously and completely. Counsel was under an ethical obligation to inform the court immediately that a conflict had arisen which necessitated her withdrawal. ABA Code of Professional Responsibility, DR 5-105, EC 5-15 (1976). *See* NRS 175.383. Had counsel withdrawn from Mannon's case, Aguirre may well have repeated her admission to Mannon's subsequent attorney, who would have had no duty to withhold the information from the court.

The above facts demonstrate that an actual conflict of interest prohibited Mannon's attorney from providing him with adequate assistance. As a result, no showing of actual prejudice is necessary to mandate reversal. Cuyler v. Sullivan, 446 U.S. 335 (1980); *see* Harvey v. State, 96 Nev. 850, 619 P.2d 1214 (1980).

This case is reversed and remanded for a new trial.