May Term,
1859.

LANGSDALE
v.
BONTON.

---

## LANGSDALE *v.* BONTON.

Where it is not in conflict with some provision of the charter, the acts of the directors of a corporation may be proved by parol.

In an action to recover damages for obstructing a highway, it is no defense that the plaintiff is guilty of obstructing it on his own land.

An encroachment upon a street by fencing in a part of it is a public nuisance which a Court of chancery might, *it seems*, have restrained by injunction.

Where the evidence is not in the record, a verdict, though informal, in stating conclusions of law without the facts upon which they rested, will be presumed to have been sustained by the evidence.

Where the parties have submitted special interrogatories to the jury, one of which required a special finding upon all the issues, it is not error to refuse an instruction to the same effect.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Complaint for an injunction restraining the continuance of a nuisance in a highway. Perpetual injunction granted.

Monday,
June 13.

The complaint alleges that the *Indianapolis and Cincinnati Railroad Company* was the owner of an eighty-acre tract of land adjoining the city of *Indianapolis;* that they divided a part of it into lots, making a plat thereof, on which were designated streets, &c.; that the plaintiff below, with divers other persons, purchased lots on the east side of one of said streets; that prior to these transac-

tions, *Langsdale*, the defendant below, had purchased ten acres on the west side of said street; that the deed to *Langsdale* contained this reservation, viz.: "Reserving, however, to said company the right to open a street sixty feet wide, at the east side of said premises, the entire length thereof, thirty feet in width whereof shall be taken off the east side of said premises hereby conveyed, without compensation to said *Langsdale*. Said street is only to be opened at the option of said company, and if opened, shall be opened within three years from the date hereof, and not within the months of *April, May, June, July, August*, or *September*. So much of the above premises as is covered by the *National* road, is conveyed subject to the easement of the public." This deed is dated the 8th of *April*, 1852.

It is averred that the company opened the street on, &c., agreeably to the right reserved; but that *Langsdale* is permanently obstructing it, by, &c.

The cause was put at issue, and a jury called to try it. The jury returned the following special verdict:

"We, the jury, find—

"1. That the plaintiff is entitled to have the street in controversy opened and unobstructed, to the extent of thirty feet west of the east line of said ten-acre lot of said *Langsdale*.

"2. That *Langsdale* was engaged in obstructing said street with a fence within said thirty feet when this suit was commenced, and that said *Langsdale* ought to be perpetually enjoined from constructing such fence, west of the east line of said *Langsdale's* land.

*E. Culver*, Foreman."

The defendant moved for a new trial. The Court overruled the motion, and adjudged that the street had been opened, was a public highway, and that the defendant should be perpetually enjoined from obstructing it, &c.

The first bill of exceptions reads as follows:

"*Bonton* v. *Langsdale et al.* Be it remembered that on the trial of this cause, it was admitted by the parties that no entry was ever recorded on the books of the *Indianapo-*

*lis and Cincinnati Railroad Company*, of any vote, resolu-
tion, or order, in relation to the determination of said com-
pany to open the street mentioned in the complaint; and
thereupon the plaintiff offered to prove by the parol testi-
mony of one *William Robson*, a director in, and the real
estate agent of, the company, that the directors of said
company did, within three years after the date of the deed
to *Langsdale* named in the complaint, by a vote of their
board, resolve to open said street, and did vote, at a meet-
ing of said directors, within said period, that said street
should be opened, of which said defendant, *Langsdale*,
was notified by said *Robson* within said time: to the giv-
ing of which testimony said *Langsdale* objected; but the
Court overruled the objection, and said testimony was
given; to which ruling of the Court the defendant at the
time excepted.                    *Stephen Major*, [seal.]"

This ruling of the Court was correct. Where it is not
in conflict with some provision of the charter, the acts
of the directors of a corporation, if not recorded, may be
proved by parol. Redf. on Railw., p. 21, note 2.—*Ross* v.
*The City of Madison*, 1 Ind. R. 281.—Ang. and Ames on
Corp., p. 270.

We see nothing, it may be observed, imposing the duty
upon the company of notifying *Langsdale* of its election
to open the street.

The Court was asked to instruct the jury, that if the
plaintiff was also guilty of obstructing the street upon his
own land, he could not maintain this suit. The Court re-
fused the instruction. As the evidence is not of record,
this Court might presume the instruction rightly refused,
as not justified by the evidence. But it is decided that in
an action to recover damages for obstructing a highway, it
is no defense that the plaintiff is guilty of obstructing it
upon his own land. *Ricker* v. *Barry*, 34 Maine R. 116.

An encroachment upon a public street, of the kind per-
petrated in this case, is a public nuisance which might,
probably, have been restrained by injunction in a Court of
Chancery. Eden on Inj. 261, 262.—Ang. on Highw. 263.
But as the point is not made, we shall not elaborate it.

In the trial of this cause, some irregularities occurred, but none that prevented a fair trial of the merits. The verdict was informal. It assumed to be more than a general verdict for the plaintiff, and yet it was too vague for a special verdict. It asserted more conclusions of law than it found facts to rest conclusions upon. But the Circuit Court heard the whole of the evidence, which is not presented to us in the record. That Court must have been satisfied that it sustained the conclusions of the jury. Besides, the jury found, further, upon the different issues in the case, in answer to interrogatories propounded and directions given to them by both the plaintiff and the defendant.

The defendant also asked the Court to instruct the jury thus: "That the jury be required to find a special verdict in writing, upon all the issues." This was refused, and exception taken.

Why this instruction was not given, the record does not state; but its rejection, under the circumstances, could do no harm. Both parties had submitted special interrogatories and directions, one of which was that they should find specially upon all the issues of the case. These special directions were not withdrawn by either party, and they covered all the ground of the instruction. The jury responded to them all.

We think the merits of the case have been fairly tried, and that a just judgment has been reached, and that it should be affirmed with costs.

*Per Curiam.*—The judgment is affirmed with costs.

*D. M'Donald* and *A. G. Porter*, for the appellant.

*J. Morrison* and *C. C. Ray*, for the appellee.