IN RE REMOVAL OF PASKINS AS TRUSTEE OF HENSLEY
TOWNSHIP, JOHNSON COUNTY, INDIANA.

[No. 19,353.    Filed June 26, 1900.]

OFFICERS.—*Impeachment.*—*Appeal and Error.*—*Joint Assignment.*—
In a proceeding to impeach a public officer, under the act of 1897
(Acts 1897 p. 278), the person who verifies the accusation is not a
party to the proceeding, and an assignment of error by the State,
on appeal from the action of the court in sustaining a demurrer to
the accusation, made jointly with the person who verified the ac-
cusation, presents no question.

From the Marion Circuit Court.    *Appeal dismissed.*

*W. L. Taylor,* Attorney-General, *R. M. Miller, H. C.
Barnett, M. M. Hugg, Merrill Moores* and *C. C. Hadley,*
for State.

*W. E. Deupree, L. E. Slack, W. H. H. Miller, J. B.
Elam, J. W. Fesler* and *W. A. Johnson,* for appellee.

BAKER, C. J.—This proceeding was begun in the John-
son Circuit Court on April 24, 1899, under §35 of an act
approved March 8, 1897, entitled "An act providing for
the impeachment and removal from office of public officers",
Acts 1897 p. 278.    On change of venue to the Marion Cir-
cuit Court, a demurrer for want of facts was sustained to
the "accusation", and this appeal resulted.    Paskins moves
to dismiss the appeal on the ground, among others, that the
assignment of errors is insufficient to present any question
to this court.    The "accusation" was filed, presented to the
court, and prosecuted, not by the prosecuting attorney in
the name and on behalf of the State, but by citizens Lang
and McFadden through their attorneys Miller & Barnett.
To the ruling on the demurrer "the State of Indiana and
the petitioners Lang and McFadden" severally excepted.
The State of Indiana, by the Attorney-General, and Lang
and McFadden, by their attorneys, have jointly assigned
error on the ruling and judgment on the demurrer.    In

*Rowe* v. *Bateman,* 153 Ind. 633, it was held that an "accusation" under §35 may be verified by the oath of any person, but must be presented to the court and prosecuted by the prosecuting attorney (unless he be the accused) in the name and on behalf of the State, that the State is the party adverse to the accused, and that the person who verifies the "accusation" is not a party to the proceeding. As the alleged error is not available to Lang or to McFadden, and as the State complains of no wrong except jointly with them, the assignment presents no question. *Armstrong* v. *Dunn,* 143 Ind. 433 and cases cited on page 437; *Earhart* v. *Farmers Creamery,* 148 Ind. 79; *Hatfield* v. *Cummings,* 152 Ind. 280.

Appeal dismissed.