STATE OF INDIANA *v.* McROBERTS ET AL.

[No. 26,422. Filed October 30, 1934.]

Clarence C. Rummer, Arthur S. Wilson, and Philip Lutz, Jr., Attorney-General, for appellant.

S. L. Vandeveer, for appellees.

HUGHES, C. J.—The appellant brought this action against the appellees, as appellant alleges in its brief, for citation for malfeasance in office, to show cause why they should not be deprived of the office of county councilmen of Gibson county, Indiana.

There was one paragraph of verified petition. The appellees filed a demurrer to the petition which was sustained.

The errors relied upon for reversal are as follows: (1) The court erred in sustaining the demurrer of the appellees, and each of them, to the petition or verified

affidavit of accusations; (2) the court erred in sustaining appellees' motion for judgment on the pleadings.

The verified petition, omitting caption, is as follows:

"The undersigned affiant, your petitioner, would respectfully represent and show to the Court that heretofore to wit: On the 4th day of November, 1930, the aforesaid defendants, D. C. McRoberts, whose true given name is unknown to the affiant George W. Reed, Frank J. Market, John Fischer, J. Fred Gray, and Thomas B. Nash are now and have been all during the times herein mentioned the duly elected, qualified, and acting County Council of Gibson County of the State of Indiana; that one Jack P. Blair was also on said date duly elected as a member of said council, and has since said date resigned his said office, and is not a member of said County Council; that thereafter one Dr. John W. Williams was appointed and qualified to act and fill the vacancy of the said Blair; that your petitioner would further represent and show to the Honorable Court that he is the duly elected and qualified, and acting County Superintendent of Schools of Gibson County, Indiana; that he was elected as provided by law on the 3rd day of June, 1929, which term was for the period of four years, said term to begin on the 16th day of August, 1933; that he was re-elected as said county superintendent for a like term; that pursuant to an Act in full force and effect since the 1st day of March, 1921, which act so far as applicable to this cause is in the words and figures following, to wit: Acts 1921, page 132 and 133, Section 3. The traveling expenses of the County Superintendent, not exceeding fifty dollars ($50.00) per month, three hundred dollars ($300.00) in any school year incurred while in the discharge of his official duties, shall be paid by the county treasurer upon a warrant, issued by the county auditor. The county superintendent shall make affidavit to the county auditor before such warrant shall be issued from the county auditor to the county treasurer . . . Section 5. The County Council shall appropriate and the county Commissioners shall allow the necessary funds to carry out the provisions of this act . . ."

"Your petitioner as such county superintendent of said schools filed his estimate pertaining and

necessary to his said office of expenses for the next ensuing school year as required by law, on the 22nd day of July, 1932; that among the items of expense contained and set forth in said estimate pertaining to his said office as County Superintendent, was the following item of expense, to wit:

" 'Item 201 D Traveling expenses . . . $300.00' that pursuant to notice duly given as required by law said defendants herein as members of said county council met in session as such county council on the 20th day of September, 1932, to consider the estimates of expenditures of the various county officers, including that of the County Superintendent, and make all necessary appropriations therefore as required by law; that although said item of traveling expense above set forth was submitted to said members of said County Council in due form for their consideration at said meeting in order that said council members might appropriate the necessary funds to meet said item of expense contained in said County Superintendent's Budget for the year 1933 said members of said County Council refused and neglected to perform the official duty pertaining to the office of each of said members of said council, in this, to wit:

"1. That said named members of said council and each of them, refused and neglected to appropriate money and funds for the item of traveling expense in the sum of $300.00 for said County Superintendent of Schools of said Gibson County as set in his said estimate, or Budget for the year 1933 so filed and submitted to said members of said council, as provided by law.

"2. That said members herein above mentioned failed, refused and neglected to appropriate any funds for and to defray the traveling expenses of said County Superintendent for the year 1933, and subsequent thereto, as set forth and requested in his said estimate or Budget filed with said auditor on the 22nd day of July, 1932, and submitted to said council at its meeting on the 20th day of September, 1932, and at such other meetings as said council thereafter in session assembled pursuant to law.

"3. That the members of said County Council, and each of them, failed, refused and neglected to per-

form their official duties as such members of such county council in this, to wit: That said above named members of such county council refused and neglected to appropriate any money or funds of the county of Gibson of the State of Indiana, for the use and benefit of said county superintendent as and for traveling expenses for his official duties for the school year of 1933, as estimated and set forth in his estimate of Budget filed with the Auditor of Gibson County, and which item was numbered and designated as follows:

" 'Item 201 D Traveling Expenses . . . $300.00'; that said members of said county council have met in session to consider additional appropriations on the 19th day of December, 1932, whereupon said members of said county council again refused and neglected to appropriate funds. for said expenses; that said members of said county council again met in session pursuant to law on the 24th day of June, 1933, or thereabouts, to consider additional appropriations, and at which meeting said item of expense complained of was again submitted to said county council, but was likewise refused, and no appropriation was made therefore; that said county council composing in part the above mentioned members met in session on or about the 5th day of September, 1933, at which meeting said item of expense for said county superintendent was again submitted for the council's appropriation of county funds to defray such expense, and said appropriation for said item of expense was again refused, although provided for by law; that by reason of the refusal and neglect to perform their official duties separately and severally in appropriating the necessary funds for said item of traveling expense for said county superintendent as aforesaid, provided by law, said members above named should be cited into court to show cause why they should not be deprived of the office of the county councilman of Gibson County of the State of Indiana, now held by each of said defendants herein, and for such other proceedings as the court is by law so required to take.

ULYSSES S. ABBOTT,
Affiant as Petitioner."

The affidavit is predicated upon §12139, Burns 1926, §49-836, Burns 1933, §13168, Baldwin's 1934, which is as follows:

"When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at any time not more than ten (10) nor less than five (5) days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty (20) days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred dollars ($500) in favor of the prosecuting officer, and such costs as are allowed in civil cases."

Said section 12139 is §35 of an act of the legislature passed March 8, 1897, entitled, "AN ACT providing for the impeachment and removal from office of public officers."

While the brief of appellant, in stating the nature of the action, states that the petition for citation is one for malfeasance in office, it is really one for nonfeasance. There is a distinct difference between malfeasance and nonfeasance. Malfeasance is the doing of an act wholly wrongful and unlawful, while nonfeasance is an omission to perform a required duty at all or total neglect. Words and Phrases, Vol. 2, (4th Ed.) pp. 616 & 801. Bouvier's Law Dictionary.

The section of the statute in question says where one "has refused or neglected to perform the official duties

pertaining to his office, the court must cite" and, etc. In the instant case it is charged in the petition that as members of the county council, the appellees refused and neglected to make a certain appropriation or any appropriation in the way of traveling expenses for the county superintendent of schools. Can it be said that because the council refused and neglected to make an appropriation for this one specific item that the members thereof are subject to be removed from office under the statute in question? We do not think so. It is not alleged in the petition that the appellees acted in bad faith or fraudulently when they refused to make the appropriation. This is not a case where an officer has refused and neglected to perform the official duties of his office, as for instance, where a sheriff closes his office and remains away and refuses and neglects to discharge the duties thereof, and has no one to perform his official duties. The latter case would come squarely within the statute. In the instant case, however, there is no allegation that the county council or any member thereof has failed, refused, or neglected to perform the duties of their office, other than the refusal or neglect to make this one item of appropriation. As to all other duties as councilmen, the presumption is that they have performed and discharged their duties. The petition or accusation herein specifies but one instance where it is claimed and alleged that they failed to perform the duties of the office. We cannot conceive that it was the intent of those who enacted the statute in question, that such a construction would be given to remove officers under such a state of facts as presented.

We take notice of the fact that in 1932, when the appropriation was asked, that there was a great agitation all over the state to cut out all useless and unnecessary expense, and that the taxpayers were besieging county officers to reduce their ex-

penditures to a minimum. Is it not reasonable to believe that the appellees had this in view when they refused to make the appropriation, and that they acted in good faith, believing that they had the right to do what they did? Is it not also reasonable to believe that under the statute the county council reached the conclusion that it was not necessary to make any appropriation until the traveling expenses were actually incurred? And there is no allegation that any such expenses were incurred. Under a proper showing and proceeding the council could be mandated to make the appropriation.

We do not think that the allegations of the petition for citation are sufficient to remove and oust the appellees as members of the county council.

The appellant contends that there is no known practice in the instant case authorizing the filing of a demurrer to such accusation, because the statute says that the court, "must proceed to hear in a summary manner, the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused." We see nothing in this provision of the statute which is inconsistent with the filing of a demurrer, and, moreover, it has been the practice in ohter cases similar to this. *In re Paskins* (1900), 155 Ind. 173, 57 N. E. 911; *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228.

The demurrer to the petition was properly sustained by the trial court.

Judgment affirmed.