GATEWOOD *v.* BOARD OF COMMISSIONERS OF
HAMILTON COUNTY

[No. 17,818.  Filed June 2, 1949.]

*Byron Emswiller* and *Albert M. Stump,* both of Indianapolis, for appellant.

*Campbell & Campbell,* of Noblesville, for appellee.

BOWEN, C. J.—This is an appeal from a judgment in an action in which the appellee, The Board of Commissioners of Hamilton County, sought to enjoin the appellant from erecting any fence or posts in a certain county highway, known as "West Liberty Road" and from obstructing such county highway, and asked that the appellant be required to mandate to remove posts allegedly set by him in such highway.

Issues were formed upon appellant's complaint for injunction in one legal paragraph and seven rhetorical paragraphs, and the answer of the defendant in one legal paragraph, composed of two rhetorical paragraphs, in which the appellant denied the fence would encroach upon the public highway and include a part of it within the fence.

The cause was tried by the court, and the court decided the issues against the appellant, and entered a judgment and decree against him, enjoining him from

completing the construction of the fence, ordering him to remove the posts and wire of the fence already set up by him, and to restore the highway to the condition in which it was before the erection of said posts.

Error relied upon for reversal is the action of the trial court in overruling appellant's motion for a new trial.

The grounds of appellant's motion for a new trial were that the decision of the court is not sustained by sufficient evidence and is contrary to law; and, that the court allegedly erred in proceeding with the trial in the absence of the defendant and that defendant received no notice of the setting of said cause for trial. That his attorneys had inadvertently notified him that the trial date was May 26th instead of April 26th. That the appellant, therefore, was deprived of presenting his defense and of having a fair trial, and that he had a good and meritorious defense to the action and that since the trial, the appellant has obtained further evidence in regard to the issues consisting of a survey showing the true location of the boundary lines of the road.

He further asserts in his motion for a new trial that an issue is presented as to the true location of the highway and that the true location of the highway is not established by the final judgment.

An answer was filed on behalf of appellant to appellee's complaint in the court below by an attorney purporting to represent appellant. This answer was filed on April 22nd, four days before the date set for trial. When the cause was submitted for trial on April 26th, the appellant was represented by the same attorney and appellee's witnesses were cross-examined by such attorney acting for appellant.

It is well settled that the appearance of a regularly admitted attorney at law is presumptive evidence of

his authority to represent the person for whom he appears. The burden of impeaching the authority of an attorney to appear falls upon the party who claims such appearance is unauthorized. 5 Am. Jur. 306-307, and cases cited therein.

In the instant case the appellant did not question in the court below, nor does he question in this appeal the right of such attorney to appear for him, and he sets forth in his motion for a new trial a letter purporting to be from such attorney to him as his client.

The appellant contends he did not have proper notice in order to make his alleged meritorious defense because his attorney misinformed him as to the trial date. However, a counter affidavit was filed against appellant's motion for a new trial in which it is set forth that one of appellant's attorneys stated in open court that he had misinformed the defendant about the date of the trial, but that he had communicated with the wife of the appellant by telephone on the morning of the trial and had requested her to notify the appellant, that evidence was begun and plaintiff's witnesses were heard and plaintiff rested, and the appellant requested the cause be continued until in the afternoon. That the said attorney for appellant stated to the court that he was appearing for the appellant, Carl David Gatewood, in certain proceedings in another court that afternoon and neither he nor appellant would be able to attend the afternoon session of the Hamilton Circuit Court, and he asked that the cause be again continued until the next morning, April 27th, which request was granted. That on April 27th, the parties again appeared by the same attorney, and that the said defendant without asking for any further continuance stated to the court he had no evidence to offer and he rested his case.

Clearly, from the circumstances shown by the record, where the attorney representing appellant was not denied any request for a continuance by the trial court, and where it appears by the counter affidavit that attorney for appellant was engaged in a cause in another court with the appellant and had an opportunity to confer with him and prepare and make a request for a continuance, it cannot be said that appellant was denied an opportunity to present his defense and of having a fair trial.

Appellant has also assigned as error that the decision of the trial court is not sustained by sufficient evidence and is contrary to law. The complaint for injunction alleged that the appellant had entered upon a public highway unlawfully and without right and was engaged in digging holes and setting posts in said highway, and that unless enjoined, the appellant would fence up and obstruct such highway by inclosing within said fence a portion of the highway.

The undisputed evidence showed that the highway in question has been maintained as a public highway for more than 40 years at a width of about thirty or thirty-two feet between fences. One John Arthur who was 85 years of age testified for appellee and stated that he had lived within three miles of the West Liberty Road all of his life. That the new fence was north of the south line of the highway as he had observed it in years past. He estimated the new fence to be five or six feet north of the old fence, and that the side ditch of the road was on the south side of the new fence, and that the new fence makes the road much narrower. Various other witnesses who were well acquainted with the road in question testified that the new fence was from six to twelve feet north of the old fence line, and that the new fence would interfere with the maintenance of the highway by

appellee. Lem Carey, the County Highway Supervisor, testified that he observed appellant digging post holes and that later he furnished his line posts and stretched a barbed wire. That these fence posts are within the travelled portion of the highway within the gravel. He further stated that the new fence interferes with the repairs and maintenance of the road; that you couldn't get through there with maintainers, and that you can't stay on the gravel because the fence is in the way.

It seems clear from an examination of the record in the light of the assignments of error that the judgment of the trial court is sustained by sufficient evidence.

The appellant contends that before the trial court could properly enter a decree enjoining appellant from obstructing the highway in question that it must first fix and determine the boundaries of such highway. Under the issues the court was not required to fix and determine the actual boundaries of the highway in question. The main proposition for our determination under the issues presented by this appeal is whether there was sufficient substantial evidence to show that the appellant had erected posts and obstructions in the public highway in question. We feel that the evidence clearly shows the placing of obstructions in a public highway.

The testimony of the witnesses and the exhibits clearly show that appellant had placed obstructions in a public highway as the same had been maintained for more than 40 years. It is settled in this state that a permanent structure which encroaches upon a public highway is *per se* a public nuisance which may be restrained by injunction. *Langsdale* v. *Bonton* (1859), 12 Ind. 467; 4 *Elliott on*

*Evidence* § 3066; *City of Valparaiso* v. *Bozarth* (1899), 153 Ind. 536, 55 N. E. 439.

However, the appellant contends that he did not have reasonable notice of the time and place of the making of an application for injunction and cites Burns' 1946 Replacement, § 3-2104.

> If a defendant appears and does not object for want of notice, notice will be waived. *Hardy* v. *Donellan* (1870), 33 Ind. 501.

In the case at bar, appellant appeared by his attorney and the cause was properly tried by the court, and requirement of notice was, therefore, waived.

The record does not disclose that appellant was denied a fair trial. He appeared and was represented at the trial of said cause by an attorney authorized to represent him. The judgment and decree of the court below is sustained by sufficient evidence and is not contrary to law, and the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 86 N. E. 2d 298.