STATE EX REL. DURHAM, ETC. *v.* MARION CIRCUIT COURT, NIBLACK, JUDGE.

[No. 29,847.  Filed November 30, 1959.]

*John M. Heeter* and *Owen M. Mullin,* both of Indianapolis, for relator.

*Edwin K. Steers,* Attorney General, *Frank E. Spencer,* Deputy Attorney General, and *Lloyd L. DeWester, Jr.,* of Indianapolis, for respondent.

ARTERBURN, C. J.—The relator has petitioned this court for a writ of prohibition and mandate against the above named respondent court to vacate and set aside a judgment entered by that court on August 31, 1959 in a proceeding entitled State of Indiana, Ex Rel., Davis M. Shryer, Relator, vs. Lester R. Durham, as a County Commissioner of Marion County, Cause No. C59-177 and a subsequent Cause No. X59-57. That was a cause of action in the trial court on an Information and Petition for the removal of Lester R. Durham as a member of the Board of Commissioners of Marion County.

The petitioner contends the trial court did not have jurisdiction for a number of reasons. The statute under which the special proceedings were brought for removal of the County Commissioner reads as follows:

> *"Malfeasance, accusation, hearing, judgment.—* When an accusation in writing, verified by the oath of any person, is presented to a circuit court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the

court at any time not more than ten [10] nor less than [5] days from the time the accusation was presented; and on that day, or some other subsequent day not more than twenty [20] days from the time the accusation was presented, must proceed to hear, in a summary manner, the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; and if, on such hearing, it appears that the charge is sustained, the court must enter a decree that the party accused be deprived of his office, and must enter a judgment for five hundred dollars [$500] in favor of the prosecuting officer, and such costs as are allowed in civil cases. [Acts 1897, ch. 182, §35, p. 278.]" Burns' §49-836, 1951 Repl.

The relator claims the necessary five days did not elapse "from the time the accusation was presented" to the day the relator herein was cited to appear. The citation to appear was issued on August 26, 1959 for Durham to appear on August 31, 1959.

Burns' §2-4704 reads as follows:

*"Computation of time*—The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded. [Acts 1881 (Spec. Sess.), ch. 38, §849, p. 240.]"

Since the statute makes no reference to calculations of fractional parts of the day and there is no evidence here when, on August 26th "the accusation was presented," we have no grounds for holding that less than five days elapsed. The relator points to the record which shows that the citation was received in the sheriff's office at 1:41 p.m. on August 26th. This, however, is no evidence of when the accusation "was presented" in court and the point from which the time

begins to run. We hold there is no showing made that less than the statutory period of five days had run at the time the relator Durham was cited to appear.

The relator next urges that although there was a general appearance of an attorney, De Vaughn Hodges, for Lester R. Durham in the trial court, he thereafter withdrew his appearance, and the present attorneys entered a special appearance to contest the jurisdiction of the court; that without the issuance of a summons and no general appearance by the relator (defendant below), the trial court acquired no jurisdiction personally of the relator.

Such a contention results from a failure to distinguish between the withdrawal of an *attorney's* appearance in the case and the appearance of a *party* to the action. It is true that if a *party* withdraws his appearance with the permission of the court, the court loses jurisdiction of that party, and all pleadings of the party go out also, as stated in *American Steel, etc., Co.* v. *Carbone* (1915), 60 Ind. App. 484, 109 N. E. 220. However, the same result does not follow where an attorney merely withdraws his own appearance as representing a party, while the party still remains in the cause and for whom substitute attorneys appear. In such a case there is no loss by the court of jurisdiction over the party. A change in attorneys pending the litigation does not cause a loss of personal jurisdiction over a party. Likewise the withdrawal of an attorney for a party does not affect the jurisdiction over the party. In this case the record is clear that De Vaughn Hodges withdrew his personal appearance as an attorney and not the appearance of Durham as a party to the action. 5 Am. Jur., Attorneys at Law, §§83-85, pp. 310-312.

Where an attorney appears there is a rebuttable presumption that he has authority to enter an appearance for a party and represent the party until his authority is challenged and evidence introduced to the contrary. There is no challenge made here so far as the record shows, as to the authority of De Vaughn Hodges to appear for Durham. There was no evidence introduced showing he had no authority to enter a general appearance. *Neff* v. *City of Indianapolis* (1935), 209 Ind. 203, 198 N. E. 328; *Castle* v. *Bell et al.* (1896), 145 Ind. 8, 44 N. E. 2; *Gatewood* v. *Board of Comrs. of Hamilton Co.* (1949), 119 Ind. App. 297, 86 N. E. 2d 298; *Vail* v. *Dept. of Financial Institutions* (1938), 106 Ind. App. 39, 17 N. E. 2d 854; *Bush* v. *Bush et al.* (1874), 46 Ind. 70; 7 C. J. S., Attorney and Client, §72, p. 874; Anno. 88 A. L. R. 12.

This forecloses any question as to jurisdiction, including such as pertains to the filing of a second paragraph of Information on the day of the hearing. No plea of abatement was filed. Any denial for a request for a continuance to prepare for trial would be a matter for an appeal—not a question of jurisdiction in a petition for a writ of prohibition in this Court. *State ex rel. Bev. Shores H. Corp.* v. *Fleishbein, J.* (1953), 232 Ind. 549, 114 N. E. 2d 662; *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409.

The relator has had inserted in this record a statement certified to by the clerk that the Hon. John L. Linder, Judge pro tem, was presiding in vacation on August 31, 1959 and urges upon us that he was the duly qualified and acting Judge pro tem for the Marion Circuit Court on that day and that the regular judge, the respondent herein, had no authority to hold the hearing in question on the same day. Al-

though there may be some question as to the method by which it is attempted to raise this question through the record before us here, no question was raised as to his jurisdiction in that particular at the time. Under Rule 2-35 the record must show that such question has been specifically called to the attention of the trial court and such trial court been given an opportunity to rule thereon before it may be presented to this court. Practically the same question was before this Court in *State ex rel. Crowmer et al.* v. *Sup. Ct., M. Co. et al.* (1958), 237 Ind. 633, 146 N. E. 2d 88, where it was decided adversely to relator. *Book* v. *State Office Building Commission* (1958), 238 Ind. 120, 149 N. E. 2d 273; 22 I. L. E., Officers, §5, p. 202.

For the same reason, we must ignore the contention that the prosecuting attorney is the only proper person to institute the proceedings for removal in the trial court below, since that point was not raised nor called to the attention of the trial court before it was presented to us.

There is one other unusual feature to this case which we should not overlook, namely, that the record shows there has been a final determination and judgment entered in the case below, and there is nothing further pending before the respondent court to restrain or prohibit.

Burns' §49-833, 1951 Repl. provides for appeals from a judgment of removal to the Supreme Court after judgment. Writs of mandate and prohibition should not be confused with appeals on their merits.

In this original action the Supreme Court can do no more than decide whether the respondent court exceeded its lawful jurisdiction. We have no power to review any alleged errors of discretion or judgment in the trial court in the action before

it. Far too frequently writs of prohibition or mandate in this court are sought to be used as a short-cut to an appeal on the merits. This cannot be done. We can only determine here whether or not the trial court had the authority and jurisdiction to act—not whether it made a mistake in judgment. If the trial court erred in a ruling, it does not thereby lose jurisdiction. An appeal is the proper remedy for the correction or review of any such alleged error of the trial court, so long as it is acting within its general limits of jurisdiction. *State ex rel. Allison* v. *Criminal Court of Marion County* (1958), 238 Ind. 190, 149 N. E. 2d 114; *State ex rel. Sims* v. *Hendricks C. C. et al.* (1956), 235 Ind. 444, 134 N. E. 2d 211; *State ex rel. Collins* v. *Lake Superior Ct., et al.* (1954), 233 Ind. 536, 121 N. E. 2d 731.

The special proceedings in a trial court provide for a summary action upon the issuance of the citation, and the rules of civil procedure have been held to be inapplicable to a proceeding of that nature. *State* v. *Perry Circuit Court* (1933), 204 Ind. 673, 185 N. E. 510; *Beesley* v. *State* (1941), 219 Ind. 239, 37 N. E. 2d 540.

The trial court here had jurisdiction of the parties, the subject matter and the case.

The petition for writ of prohibition and mandate is denied.

Bobbitt and Landis, JJ., concur.

Achor, J., not participating in final opinion, because of illness.

Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I dissent from the majority opinion for the following reasons.

The statute under which the removal proceedings were instituted, reads as follows:

"Malfeasance, accusation, hearing, judgment.—
When an accusation in writing, verified by the oath
of any person, is presented to a circuit court, alleg-
ing that any officer within the jurisdiction of the
court *has been guilty of charging and collecting
illegal fees for services rendered, or to be rendered,
in his office, or has refused or neglected to perform
the official duties pertaining to his office, the court
must cite the party charged to appear before the
court* at any time *not more than ten [10] nor less
than five [5] days from the time the accusation was
presented;* and on that day, or some other subse-
quent day not more than twenty [20] days from the
time the accusation was presented, must proceed to
hear, in a summary manner, the accusation and
evidence offered in support of the same, and the
answer and evidence offered by the party accused;
and if, on such hearing, it appears that the charge
is sustained, the court must enter a decree that the
party accused be deprived of his office, and must
enter a judgment for five hundred dollars [$500]
in favor of the prosecuting officer, and such costs
as are allowed in civil cases." (Emphasis supplied.)

Acts 1897, ch. 182, §35, p. 278, being Burns' 49-836, 1951 Replacement, is a penal statute, in derogation of the common law, and can not receive equitable construction. It must be strictly construed in favor of the relator. Nothing can be added to or taken from it by way of intendment, construction, addition or otherwise. There are no presumptions in its favor. An affidavit must bring a case within the spirit as well as the letter of the statute. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441.

In order that a clear picture of this proceeding in the court below, be presented it is necessary to set forth chronologically such proceedings.

On August 26, 1959, the petitioner, Davis M. Shryer, filed against Lester R. Durham, as a County Commissioner of Marion County, Indiana, an "INFORMATION AND PETITION FOR THE REMOVAL OF THE RESPONDENT AS A MEMBER OF THE BOARD OF COUNTY COMMISSIONERS." Which petition, omitting the formal parts thereof, reads as follows:

"1. That the relator resides in Marion County, in the State of Indiana, and is a taxpayer in said County and State.

"2. That Lester R. Durham is a member of the Board of Commissioners of Marion County, Indiana, having been elected to such office in the year 1956, and having taken his oath of office on January 1st, 1957, and that his term of office will expire on December 31st, 1959.

"3. That ever since January 1st, 1959, the said respondent Lester R. Durham, has refused and neglected to perform the official duties pertaining to his office, in this, to-wit:

"A. That he has failed and refused to approve the bond of the Clerk of the Circuit Court of Marion County, Indiana, despite the fact that he was mandated so to do, by the Circuit Court of Marion County, Indiana, as a result of which he was found guilty of being in contempt of said Circuit Court and fined the sum of $1,000.00.

"B. That in consort with one Eph W. Virt, a former County Commissioner of Marion County, Indiana, now deceased, he held secret meetings, to the exclusion of County Commissioner J. Wesley Brown, as a result of which the respondent herein and the said Eph W. Virt, now deceased, signed illegal contracts, issued unauthorized and illegal purchasing orders, changed and altered contracts, all without the knowledge, consent or approval of County Commissioner, J. J. Wesley Brown and without informing the said commissioner of his actions.

"C. Had ordered and issued purchase orders for road work in a manner not prescribed by law to bidders who were other than the lowest and best bidders, in defiance of the regulations of the State Board of Accounts of the State of Indiana and in defiance of orders issued by the County Council of Marion County, Indiana, who have made appropriations for specific purposes and for specific uses, upon the express stipulation that such appropriations shall be used only in conformance to such orders.

"D. That he deliberately hired employees for Marion County, Indiana, who were incapable of performing the duties for which they were employed and who had records of achievements which would bring discredit to the Board of Commissioners of Marion County, Ind.

"E. That he ordered the improvement of roads in Marion County, which were not accepted into the road system of Marion County, Indiana, and could not be accepted by reason of the fact that they did not comply with the regulations and specifications of the Indiana State Highway Commission, or of the Metropolitan Planning Commission, or of the Marion County Planning Commission, but which were strictly the responsibility of the subdividers of the areas in which such roads were located and the builders and contractors thereof.

"F. That he has accepted into the County Highway System roads which were of substandards and which could not have been accepted under all of the rules and regulations of the Board of County Commissioners, The Indiana State Highway Commission, the Metropolitan Planning Commission and the Marion County Planning Commission.

"G. That he directed the conduct of the parking lot adjacent to the County Court House, in Marion County, Indiana, in such a manner that it became necessary for The Circuit

Court of Marion County, Indiana, to intervene and to take charge and supervision thereof, and to issue tickets or authorizations to persons entitled to park therein and thereon.

"H. That he appropriated to his own use and for the use of his personal friends all of the tickets issued by the Circuit Court of Marion County, for the parking of automobiles belonging to employees of the Board of Commissioners of Marion County, Indiana, thus depriving such employees of the right and opportunity to park on said lot.

"I. That he has conducted the affairs of his office in a manner which was reprehensible and instilled a lack of confidence in the citizens and taxpayers of Marion County of all regularly elected public officials of said county.

"4. That by reason of the acts and conduct of the said Lester R. Durham, as herein set out, the said Lester R. Durham became incompetent and ineligible to continue to serve as a County Commissioner of Marion County, Indiana, and has forfeited his right to such office.

"WHEREFORE, this informant and complainant respectfully prays that the Circuit Court of Marion County cite the said Lester R. Durham and direct him to appear before said Court and answer the allegations contained herein, and upon the hearings of the same, that the Circuit Court of Marion County, Indiana, remove the said Lester R. Durham, from his office as County Commissioner of Marion County, Indiana, and end his term of office as of the date of such hearing and declare said office to be vacant."

It is evident that the accusation attempts to charge the defendant with malfeasance or misfeasance in office, but the accusation does not fall within the purview of the removal statute for the reason that the only act of malfeasance recognized by the removal statute is

*"charging and collecting illegal fees for services rendered, or to be rendered."* (Emphasis supplied.) Hence the court acquired no jurisdiction in this case under the averments of this initial accusation.

On the filing of the accusation the court ordered a citation issued requiring the defendant, Lester R. Durham, to appear before said court on August 31, 1959, at 9:30 A.M. to answer and to show cause why he should not be removed from office and his term ended and said office declared vacant.

The sheriff's return on the back of the citation reads as follows: "and served this writ by leaving a true copy of the same at the last and usual place of residence of the within named Lester R. Durham (wife)."

On August 31, 1959, just prior to the hearing the petitioner filed "SECOND PARAGRAPH OF INFORMATION AND PETITION FOR THE REMOVAL OF THE RESPONDANT AS A MEMBER OF THE BOARD OF COUNTY COMMISSIONERS" which petition, omitting the formal parts thereof, reads as follows, to-wit:

> "Comes now Davis M. Shryer and for his second paragraph of complaint complains of the respondent, Lester R. Durham, and informs the Circuit Court of Marion County, Indiana, as follows:
>
> "1. That since January 1, 1959, the said respondent, Lester R. Durham, has refused and neglected to perform the official duties pertaining to his office in this, to-wit:
>
> "(a) That he has refused and neglected to issue purchase orders for road work in a manner as prescribed by the laws and statutes of the State of Indiana in that he has refused and neglected to award contracts to the lowest and best bidders in defiance of the regulations of the State Board of Accounts of the State of Indiana, and in defiance of orders issued by County Council of Marion County, Indiana, who have made appropriations for

specific purposes and for specific uses, upon the expressed stiplation that such appropriations be used only in conformance to such orders.

"(b) That he failed and refused to improve the roads of Marion County, Indiana, in compliance with regulations and specifications of the State of Indiana State Highway Commission, or the Metropolitan Planning Commission or the Marion County Planning Commission.

"(c) That he failed and refused to comply with the standards established for the County Highway Road System as established by the rules and regulations of the Board of County Commissioners and Indiana State Highway Commission, Metropolitan Planning Commission and the Marion County Planning Commission.

"(d) That he has failed and refused to conduct the affairs of his office in a manner as prescribed by the statutes of the State of Indiana, the regulations of the Board of County Commissioners, Indiana State Highway Commission, Metropolitan Planning Commission and Marion County Planning Commission.

"(e) That he has been mentally incompetent to discharge the duties of his office as attested by sworn testimony by his physician in a hearing before the Circuit Court of Marion County, Indiana, which said hearing preceded the filing of the second paragraph of this information and petition for removal and that said mental incompetency presently exists and has existed prior to the filing of this said petition and will continue to exist rendering the respondent, Lester R. Durham incompetent to discharge the duties of his office.

"(f) That by reason of the acts, conduct, omissions and incompetency as herein set out, the said Lester R. Durham became incompetent, and ineligible to continue to serve as a County Commissioner of Marion County, Indiana, and has forfeited his right to said office.

"WHEREFORE, this informant complainant respectfully prays That the Circuit Court cite the said Lester R. Durham and direct him to appear before said Court and answer the allegations contained

herein, and upon hearing of the same, that the Circuit Court, Marion County, Indiana, remove the said Lester R. Durham from his office of County Commissioner of Marion County, Indiana, and end his term of office as of the date of such hearing and declare said office to be vacant, should the court find for the relator that the allegations in the relator's complaint are sufficient and warrant the removal of the said Lester R. Durham from office, that the Court find in its order and decree the proper party entitled to make the appointment of a Commissioner to fill the vacancy created and how and when such appointment should be made, and pending the removal of said respondent that the Circuit Court of Marion County, Indiana, appoint an interim Commissioner with the full authority of a duly elected commissioner to discharge the duties of the respondent."

The so called "Second Paragraph of Information . . . ," actually a second accusation, charged the defendant with nonfeasance in that he "refused and neglected to perform the official duties pertaining to his office," but the court did not at any time, at or after the filing thereof *"cite the party charged to appear before the court at any time not more than ten [10] nor less than five [5] days from the time the accusation was presented."* (Emphasis supplied.) The accusation was presented and the defendant tried on August 31, 1959. Therefore the court acquired no jurisdiction in this case under the removal statute.

After the filing of the second paragraph of information, counsel for defendant, Lester R. Durham, requested time to prepare a defense thereto which the court granted in the following words, "We will give you fifteen minutes, until 11:00."

On August 31, 1959, and prior to the introduction of evidence, the jurisdiction of the court to hear and determine the issues was raised by special appearance

and a continuance was requested, which continuance was by the court refused. The court in making such ruling stated as follows: "I see no particular reason for fooling around with the technicalities and hairsplitting in this case. I think some body should resolve this matter in the interest of the taxpayers and the people of Marion County."

The court thereupon proceeded to hear the matter, presumably on both the original and second accusations, and at the conclusion of whatever evidence was adduced, that not being before us at this time, entered judgment as follows:

"STATE OF INDIANA COUNTY OF MARION } ss: IN THE MARION CIRCUIT COURT 19th JUDICIAL DISTRICT

STATE OF INDIANA, Ex Rel. Davis M. Shryer vs. LESTER R. DURHAM, as County Commissioner of Marion County, Indiana } CAUSE NO. X59-57

*ORDER*

"Plaintiff present in person and by counsel; the defendant was not present in person at any time during the hearing but was represented by two attorneys, Mr. Mullin and Mr. Heeter, who withdrew from the courtroom after the witnesses were sworn and before the plaintiff started to present its evidence; submitted; evidence heard; and the court, being duly advised, finds that the court has judisdiction of this matter; and, further, that an emergency exists for the immediate determination of this lawsuit.

"At the conclusion of the relator's case there will be a finding for the relator that the respondent,

Lester R. Durham, was guilty of willful neglect and failure to perform his official duties pertaining to his office.

"The court further finds that the defendant at this time is confined in a hospital under treatment for his mental condition; that he is mentally and physically unable to conduct the business of the commissioner of Marion County, according to the testimony of his own doctor introduced into this court by his own physician.

"WHEREFORE, IT IS ORDERED, AD-JUDGED, AND DECREED that said defendant Lester R. Durham, be, and he is hereby removed from his office as County Commissioner, which creates a vacancy in said commissionership representing Center Township, 2nd District of Marion County, according to law. The court finds that a second vacancy exists due to the fact of Mr. Virt's death, being the 1st District, which is Franklin, Washington, Lawrence and Warren Townships.

"The court further finds there has been a distressing hiatus in the administration of the Commissioners' office for some weeks or months, and that the affairs of the citizens and taxpayers of Marion County have been woefully neglected thereby, and that these two vacancies should be filled at once; that under Section 26-601 of Indiana Statutes, the surviving commissioners fill a vacancy which exists on the Board of Commissioners. The court finds there is only one survivinv (sic) commissioner and that under said statute the said surviving commissioner, Mr. Brown, should fill the two vancanies from qualified electors residing in the proper districts and certify their appointments to the County Auditor, as required by law. This should be done forthwith, and he is instructed to appoint two qualified persons who are further qualified by age and some experience in public affairs to make competent commissioners, and who will have the interest of the public welfare and the taxpayer at heart.

"The court further finds there has to be a $500 penalty assessed against the respondent Durham,

which accordingly will be made, and the same will be suspended.

John L. Niblack

Judge Marion Circuit Court

Dated:
August 31, 1959"

The first paragraph of information (accusation) charged the defendant with misfeasance and malfeasance in office. The second paragraph of information (accusation) charged the defendant with nonfeasance in office. If there is to be any consistency in the cases deciding what are causes for removal for acts or omissions, it is necessary to keep clear the well recognized definitions of malfeasance, misfeasance and nonfeasance. "Nonfeasance means the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; and malfeasance is the doing of an act which a person ought not to do at all." Black's Law Dictionary (4th ed.) p. 1151. Malfeasance implies that the act was ultra vires the official powers or authorities of the officer, "while nonfeasance is an omission to perform a required duty at all or total neglect." *State* v. *McRoberts* (1934), 207 Ind. 293, 298, 192 N. E. 428. The cause for removal that the officer "has refused and neglected to perform the official duties pertaining to his office," must be construed under the constitutional limitations of §§7 and 8 of Article 6 of the Constitution, for under the authorities already considered, the legislature is without power to add to the causes for removal. The only cause for removal by neglect to perform official duties under §35 of the Act must be a "negligent" neglect. It is negligent nonaction. *State* v. *Beazley* (1926), 77 Mont. 430, 250 Pac. 1114.

The record discloses that for some time prior to and at the time of the hearing on August 31, 1959, the defendant Durham was ill and confined in a hospital. Without going into the question, in this paragraph, as to whether or not the defendant was deprived of his constitutional rights or due process in being granted only fifteen minutes to prepare a defense to the second accusation, we suggest that illness does not per se indicate that the defendant "refused or neglected to perform the official duties pertaining to his office."

It further appears that the order of the trial court in said cause goes far beyond the scope of the statute in that a portion of such order attempts to make an adjudication of the physical and mental competency of the defendant, and further said order attempts to fill the vacancy so created thereby. As we read the removal statute no authority is conferred thereby on the circuit court to adjudicate such matters. The removal statute provides *only for the removal of the officer on proper proof* that he has "refused or neglected" to perform the duties of his office.

The statutory authority for filling vacancies on the board of county commissioners is found in 1 R. S. 1852, ch. 20, §1, p. 224; Acts 1929, ch. 186, §1, p. 601; 1943, ch. 9, §1, p. 18; 1945, ch. 261, §1, p. 1189, being §26-601 Burns' 1948 Replacement. The portion of said statute applicable reads as follows, "Whenever *a vacancy* shall occur in the office of commissioner; or whenever *a commissioner* who has qualified shall die or resign before the commencement of the term for which he was elected and no general election will occur between the time of such death or resignation and the beginning of such term, the *commissioners in office* at any time after the occurrence of such death or resignation so producing such vacancy . . . in the office . . . , shall elect some

qualified elector to fill such vacancy . . . ; provided, however, in case of a tie, the auditor of the county shall cast the deciding vote." (Emphasis supplied.)

No statutory authority exists, under either the removal statute, or the statute providing for the filling of vacancies on the board of county commissioners, conferring jurisdiction on the circuit or any other court, to fill such vacancy. Therefore so much of said order as pertains to the filling of such vacancy is a complete nullity.

The record in the instant case discloses an unseemly haste, inconsistent with the degree of judicial restraint required by the concurring opinion in *State ex rel. Ayer* v. *Ewing, supra.*

> "Section 35 of the Act is almost identical with the summary removal provisions of the removal act of Nevada, concerning which Chief Justice McCarran, now Senator McCarran, in *Ex Parte Jones and Gregory* (1918), 41 Nev. 523, 532, 533, 173 Pac. 885, 888, wrote:
>
> " 'The statute which gives rise to this proceeding is one for the removal of certain officers. It is part of our law, made so by legislative will. The whole procedure is denominated as being summary; hence it precludes the right to jury trial. Into the hands of the district judge this statute lays one of the most sacred duties, that of removing an individual from the enjoyment of public position of trust and honor. *The law, in my judgment, contains nothing which recommends itself to the spirit of democracy.* It partakes of none of the progressive inspiration which gave rise to the historic scene at Runnymede. *It is an extreme and extraordinary measure,* intended only for extreme and extraordinary occasions. *It is fraught with seriousness and a demand for extreme caution* both from the standpoint of him who prefers the charge and him who listens and pronounces judgment.' " (Emphasis supplied.)

The original information (accusation) did not contain the necessary averments to bring the action within the purview of the removal statute, consequently the trial court had no jurisdiction to try or remove the defendant commissioner.

The so called Second Paragraph of information was in effect such "an accusation" as required the defendant to be cited into court "not more than ten (10) nor less than five (5) days" from July 31, 1959, in conformity with the requirements of the removal statute. The failure to cite the defendant, coupled with the court's allowance of only fifteen minutes to prepare a defense to said accusation, only minutes after the alleged second paragraph of information was filed, certainly deprived the defendant of his consitutional rights, due process and violated the removal statute itself. The court had no jurisdiction to hear and determine any of the issues raised in said paragraph.

Finally, if the court had jurisdiction to hear both accusations, which it did not, and under the removal statute could not have had on August 31, 1959, it exceeded its jurisdiction by its findings that the defendant "is mentally and physically unable" to conduct the business of his office, and by its order directing the one surviving commissioner to fill two vacancies. The court's jurisdiction is limited to a strict letter of the statute in such proceedings.

The majority opinion states "In this original action the Supreme Court can do no more than decide whether the respondant court exceeded its lawful jurisdiction. We have no power to review any alleged errors of discretion or judgment of the trial court in the action before it." That generally is the rule, but in cases, such as this, where the trial court *had no jurisdiction or where it exceeds its lawful jurisdiction* then this court

has the power, the right and the duty *sua sponte* to direct the trial court to expunge its record and to prohibit said court from proceeding further in said cause. *State ex rel. Ayer* v. *Ewing, supra.*

A writ should have been issued mandating the trial court to expunge the order of August 31, 1959, and prohibiting said court from proceeding further in said cause.

NOTE.—Reported in 162 N. E. 2d 505.