MULLIN, EXECUTOR ETC. *v.* STATE EX REL. SHRYER.

[No. 29,879. Filed April 27, 1960.]

*Owen M. Mullin* and *John M. Heeter,* both of Indianapolis, for appellant.

*Lloyd L. DeWester, Jr.,* of Indianapolis, and *Edwin K. Steers,* Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Marion Circuit Court, John L. Niblack, Judge, removing Lester R. Durham, as a County Commissioner of Marion County, Indiana.

The action was instituted in the Marion Circuit Court of Marion County, Indiana, by the filing by one Davis M. Shryer of an Information and Petition for the Removal of Lester R. Durham as a member of the Board of County Commissioners of Marion County, Indiana. The action being brought pursuant to Acts 1897, ch. 182, §35, p. 278, being §49-836 Burns' 1951 Replacement. This matter was previously before this court in an original action. (See *State of Indiana ex rel. Lester R. Durham, et al.* v. *Marion Circuit Court, et al.* (1959), 240 Ind. 132, 162 N. E. 2d 505).

The appellant's assignment of error contains six specifications of which we here need consider only assigned error No. 1, "The Court erred in overruling Appellant's Motion for a New Trial."

Appellant's motion for a new trial contained five

grounds, of which we here need consider only those numbered and reading as follows:

"1. The Court erred in overruling respondent's motion for a continuance of the hearing of this cause on August 31, 1959, for the reasons:

"(a) . . .

"(b) that the hearing of said cause on August 31, 1959, between 10:30 A.M. and 12:00 noon deprived the respondent, by his counsel or otherwise, of an opportunity to 'answer' or 'offer evidence' as to accusations made against him contrary to the statute authorizing such a proceeding;

"(c) . . .

"(d.) . . .

"(e) . . .

"(f) that in view of respondent's offer to prove, on the date and at the time and place of said hearing, by qualified medical testimony that the respondent, then sick and in the hospital, would within twenty days from said date be able to appear and answer and offer evidence in his behalf, the Court did abuse its discretion by not granting the continuance requested and thus prevented the respondent from having a fair trial.

"2. The court erred in permitting the relator to file his SECOND PARAGRAPH OF INFORMATION AND PETITION FOR THE REMOVAL OF THE RESPONDENT AS A MEMBER OF THE BOARD OF COUNTY COMMISSIONERS on the 31st day of August, 1959, without granting the respondent a continuance to enable this respondent to prepare and file an answer to said pleading."

The record shows that on the date of the hearing, August 31, 1959, former counsel for Lester R. Durham withdrew his appearance and present counsel, Owen M. Mullin and John M. Heeter, appeared specially for respondent, Lester R. Durham, and attacked the jurisdiction of the court; that concurrently with their appear-

ance relator, Shryer, caused to be filed what is denominated a "Second Paragraph of Complaint" alleging certain acts of nonfeasance on the part of the said Lester R. Durham. Counsel for Lester R. Durham made repeated requests for a continuance, on the grounds that Durham was ill in the hospital and could not appear, that the "second paragraph of complaint" stated a different cause of action than the one then before the court for hearing, and that they had not had an opportunity to read the same, much less prepare a defense or pleadings thereto, that no notice or citation had been given the respondent, Durham, thereon, and that they needed time to prepare to meet the charges contained in such "second paragraph of complaint." The court promptly overruled respondent Durham's request for such continuance, and the question of the right of counsel to appear for respondent Durham being raised, the court stated "We will give you fifteen minutes, until 11:00," to produce proof that they were in fact authorized to represent such respondent. Proof of such fact, satisfactory to the court, being adduced, the hearing proceeded, resulting in a finding and judgment removing the respondent, Lester R. Durham, from his office as a Commissioner of Marion County, Indiana.

In passing on this case it is sufficient to say that the record is replete with such flagrant abuse of discretion on the part of the trial court as requires a reversal of the judgment herein.

The motion for a new trial should have been sustained, but the respondent, Lester R. Durham, is now deceased, and his term of office has expired, no new trial can be had, the judgment is therefore reversed with instructions to the trial court to enter judgment accordingly.

472

Judgment reversed.

Bobbitt, Landis, and Achor, JJ., concur.

Arterburn, C. J., concurs in result.

NOTE.—Reported in 166 N. E. 2d 331.