TOWN OF ODGEN DUNES, INDIANA *v.* WILDERMUTH.

[No. 20,703. Filed March 25, 1968. Rehearing denied April 26, 1968.
No petition to transfer filed.]

*Palmer C. Singleton, Jr., Joel C. Levy,* of Hammond, *Tinkham, Beckman, Kelly and Singleton,* of Hammond, of counsel, for appellant.

*Orval W. Anderson,* of Gary, for appellees.

PER CURIAM.—This is an action brought by the Town of Ogden Dunes, Indiana, to abate a nuisance. The complaint in substance alleged that defendants Fred O. Wildermuth, Jr., and Anne Wildermuth had erected in the Town of Ogden Dunes a wooden fence approximately six feet high within the right-of-way of a public street in the Town of Ogden Dunes, which street is known as Skyline Drive, and which abuts the real estate owned by the defendants. The cause of action was filed in Porter County and was later venued to Lake County, and tried by Judge James J. Richards of Room No. 5, Lake Superior Court, sitting at Hammond, Indiana, without the intervention of a jury.

Appellee filed an answer in four legal paragraphs: the first legal paragraph, as amended, was in admission and denial; the second legal paragraph challenged the legal capacity of the plaintiff to institute the action; the third legal paragraph denied a legal dedication of the streets and alleys in the subdivision of "Town of Ogden Dunes"; and the fourth legal paragraph alleged an adequate remedy at law available to the plaintiff.[1]

The trial court decided the issues adversely to the appellants. The decree entered on March 7, 1966, was as follows:

"Evidence having been heard and concluded in the above cause, and the parties having argued and submitted written memorandum, and the Court having considered, now finds as follows:

"Finding for the defendants and against the plaintiffs on plaintiffs' complaint, and that plaintiff take nothing by its complaint. Costs against the plaintiff. Judgment."

The appellants filed a motion for a new trial containing the following averments:

---

1. The second legal paragraph of answer filed by the appellees contained an allegation to the effect that there is no such entity as the Town of Ogden Dunes; and that an effort was made to incorporate the area, but the incorporation was never completed. However, apparently this issue was not decided by the trial court, nor has it been made an issue in this appeal.

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

3. Error of law occurring at the trial by admitting into evidence Defendants' Exhibits 1, 2, 15, 17, 20, 21 and 23.

The sole assignment of error is the overruling of the motion for a new trial.

The questions of fact relating to the issues are in substance as follows:

(1) Was the fence erected by the appellees?

(2) Was the fence erected within the right-of-way of a public street known as Skyline Drive?

(3) If erected within the public right-of-way of Skyline Drive, did the fence constitute a public nuisance subject to abatement?

In answer to the first question, the record reveals that the appellees admitted that they constructed the fence in question. The other two questions are in dispute and involve questions of law to be considered and decided by this appeal.

The appellees, in answer to appellants' argument of specifications 1 and 2 of the motion for a new trial, to-wit:

(1) "The decision of the court is not sustained by sufficient evidence"

(2) "The decision of the court is contrary to law"

maintain that Specification 1 of the motion for a new trial questions the right of the appellant to raise the issue that the decision of the trial court is not sustained by sufficient evidence. The courts of appeal of Indiana have uniformly held that in the event an appeal has been taken from a negative decision, verdict or judgment, a specification in the motion for a new trial that said decision, verdict or judgment is not sustained by the evidence presents

no question for review. *The Board of Zoning Appeals of Town of Carmel* v. *Parsons* (1964), 136 Ind. App. 520, 202 N. E. 2d 589; *Schwab* v. *Schwab* (1959), 130 Ind. App. 108, 162 N. E. 2d 329; *Shaffer* v. *General Grain, Inc.* (1962), 133 Ind. App. 598, 182 N. E. 2d 461.

The appellant's second specification of error in its motion for a new trial, that "The decision of the court is contrary to law," requires a review of the evidence to determine if the evidence is without conflict and leads to but one reasonable conclusion, that the same is contrary to the decision of the trial court. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products, Inc.* (1963), 135 Ind. App. 46, 188 N. E. 2d 278.

The appellant maintains, as a proposition of law involved in the case at bar, that: "A permanent structure which encroaches upon a public highway is *per se* a public nuisance which may be restrained by injunction."

In support of this proposition the appellant cites three Indiana cases, as follows: *City of Valparaiso* v. *Bozarth et al.* (1899), 153 Ind. 536, 55 N. E. 439; *Gatewood* v. *Board of Commissioners of Hamilton County* (1949), 119 Ind. App. 297, 86 N. E. 2d 298; *Steele* v. *Fowler, Mayor, et al.* (1942), 111 Ind. App. 364, 41 N. E. 2d 678.

It is our opinion that these three cases cited by the appellant are distinguishable from the case at bar in that the obstructions in the cited cases alleged to be nuisances were either in the traveled portion of the highways or were permanent in nature.

The question of whether or not the fence in the case at bar was a permanent structure was a question of fact to be determined by the trial court from all the evidence. It is our opinion that there was sufficient evidence to establish the fact that the fence posts which supported the

fence in question were not supported by a concrete foundation. Therefore, the fence was not a "permanent structure."

In the *Valparaiso* case, *supra*, the structure was found, by special findings of fact of that trial court, to be encroaching six and one-half feet into the right of way of the abutting highway, and that said structure consisted of a house with a brick foundation, and as such was a "permanent structure." However, the question of whether or not the permanent structure was in the traveled portion of the highway was not specially found by the trial court.

In the *Gatewood* case, *supra*, the posts for a fence were in the traveled portion of the highway, and the trial court so found.

The *Steele* case, *supra*, as cited by the appellant, is clearly distinguishable from the case at bar for the reason that there was a finding by the trial court to the effect that the structure erected by the abutting property owner had for years blocked the full use of the abutting street, and that the structure was permanent in nature.

In the case at bar there was ample evidence upon which the trial court could have based its decision that the fence in question did not prevent vehicles from using the complete paved portion of the abutting street.

It is our opinion that even if there had been an affirmative finding that the fence was in the right-of-way of Skyline Drive, an abutting land owner has the right to make any reasonable use of the highway which does not interfere with the enjoyment of the public easement. In the case of *Huffman* v. *State* (1899), 21 Ind. App. 449, 52 N. E. 713, the court stated as follows:

". . . . It is the firmly established rule in this State that the owner of lands abutting upon a public highway owns the fee to the center thereof, subject only to the easement which the public has for highway purposes. . . .

"The right of the owner yields only to the greater rights of the public. As we have said, the only right the public has is simply an easement affording a passage over and along the highway. . . ."

In 25 Am. Jur. *Highways* 291; and in 15 I.L.E. *Highways* 23, and in the cases cited therein, it is stated:

"The general rule that a fence within a highway constitutes a nuisance, in some instance, has been held not to apply to a fence erected outside the traveled portion of the way. . . ."

From a review of the evidence it appears that the fence in question was not within the traveled portion of the right-of-way of Skyline Drive; and the fence in question not being a permanent structure, did not constitute a nuisance *per se*.

Further, the evidence clearly substantiates the fact that said fence did not constitute a dangerous hazard, as alleged in rhetorical paragraph 5 of appellant's complaint. The evidence discloses that the view of persons operating motor vehicles on Skyline Drive was not obscured, and that the fence did not force pedestrians to use that portion of said street used by motor vehicles.

The appellants, in the motion for a new trial, raised specific objections to the admission into evidence of several of appellees' exhibits. From an examination of the exhibits it is our opinion that the trial court did not commit reversible error in admitting them into evidence.

The decision and judgment of the trial court was general in character, and it is our opinion that the trial court could have found either that said fence did not encroach on said public right-of-way; or that the fence in question was not a permanent structure; or that the erection of said fence did not constitute a public nuisance. There is no way of knowing precisely how the trial court arrived at its decision, for there were no special findings of fact requested or made.

It is our opinion that the case was fairly tried and a just result was reached.[2]

Judgment affirmed.

NOTE.—Reported in 235 N. E. 2d 73.

2. It is interesting to note that the original decree entered by the trial judge on March 7, 1966, was amended on the court's own motion on October 17, 1966, to include the following phraseology: "the Court having viewed the real estate involved in the plaintiff's complaint." Apparently no objection was made to the entering of this amended decree; however, it is most unusual for the court to include in its findings that it made a personal inspection of the premises in question and on the basis of such inspection made its decision.